**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

WESTERN DISTRICT OF PENNSYLVANIA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| **1.** | **Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or  passport).<br><br>Bring your picture identification to your meeting with the trustee. | *Steven*<br>First name<br><br>*Edward*<br>Middle name<br><br>*Gorniak*<br>Last name and Suffix (Sr., Jr., II, III) | *Ann*<br>First name<br><br>*Marie*<br>Middle name<br><br>*Gorniak*<br>Last name and Suffix (Sr., Jr., II, III) |
| **2.** | **All other names you have used in the last 8 years**<br>Include your married or maiden names. |  |  |
| **3.** | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | *xxx-xx-9872* | *xxx-xx-9470* |

| Debtor 1 | *Steven Edward Gorniak* |
| Debtor 2 | *Ann Marie Gorniak* |

Case number *(if known)* _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

About Debtor 1:

■ I have not used any business name or EINs.

Business name(s)
_____

EINs
_____

About Debtor 2 (Spouse Only in a Joint Case):

■ I have not used any business name or EINs.

Business name(s)
_____

EINs
_____

**5. Where you live**

*11263 Phillipsville Colt Station Road*
*Wattsburg, PA 16440*
Number, Street, City, State & ZIP Code

*Erie*
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

If Debtor 2 lives at a different address:

_____
Number, Street, City, State & ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number, P.O. Box, Street, City, State & ZIP Code

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

_____

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
Explain. (See 28 U.S.C. § 1408.)

_____

| Debtor 1 | *Steven Edward Gorniak* | | Case number *(if known)* | |
| Debtor 2 | *Ann Marie Gorniak* | | | |

---

## Part 2:    Tell the Court About Your Bankruptcy Case

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

Check one. (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)).* Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

---

**8.** **How you will pay the fee**

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

---

**9.** **Have you filed for bankruptcy within the last 8 years?**

■ No.

☐ Yes.

| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |
| District _____ | When _____ | Case number _____ |

---

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes.

| Debtor _____ | | Relationship to you _____ |
| District _____ | When _____ | Case number, if known _____ |
| Debtor _____ | | Relationship to you _____ |
| District _____ | When _____ | Case number, if known _____ |

---

**11.** **Do you rent your residence?**

■ No.    Go to line 12.

☐ Yes.    Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

---

Debtor 1    *Steven Edward Gorniak*
Debtor 2    *Ann Marie Gorniak*

Case number *(if known)* _____

---

| Part 3: | Report About Any Businesses You Own as a Sole Proprietor |
| --- | --- |

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

■ No.    Go to Part 4.

☐ Yes.    Name and location of business

_____
Name of business, if any

_____

_____
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐    Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐    Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐    Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐    Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐    None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).*

■ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

---

| Part 4: | Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |
| --- | --- |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.    What is the hazard?    _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____

_____
Number, Street, City, State & Zip Code

---

Debtor 1    *Steven Edward Gorniak*
Debtor 2    *Ann Marie Gorniak*

Case number *(if known)*

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |
|---|---|

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.
If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

   ☐ **Incapacity.**
   I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

   ☐ **Disability.**
   My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

   ☐ **Active duty.**
   I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

*You must check one:*

■ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

   ☐ **Incapacity.**
   I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

   ☐ **Disability.**
   My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

   ☐ **Active duty.**
   I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1   *Steven Edward Gorniak*
Debtor 2   *Ann Marie Gorniak*

Case number *(if known)*

| **Part 6:** | **Answer These Questions for Reporting Purposes** |
| --- | --- |

**16.** What kind of debts do you have?

**16a.** **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

**16b.** **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts

---

**17.** Are you filing under Chapter 7?

■ No. I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No

☐ Yes

---

**18.** How many Creditors do you estimate that you owe?

| | | |
| --- | --- | --- |
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**19.** How much do you estimate your assets to be worth?

| | | |
| --- | --- | --- |
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**20.** How much do you estimate your liabilities to be?

| | | |
| --- | --- | --- |
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| **Part 7:** | **Sign Below** |
| --- | --- |

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| */s/ Steven Edward Gorniak* | */s/ Ann Marie Gorniak* |
| --- | --- |
| **Steven Edward Gorniak** | **Ann Marie Gorniak** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| | |
| Executed on   *July 18, 2016* | Executed on   *July 18, 2016* |
| MM / DD / YYYY | MM / DD / YYYY |

| Debtor 1 | **Steven Edward Gorniak** |
|---|---|
| Debtor 2 | **Ann Marie Gorniak** |

Case number *(if known)* _____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**/s/ Michael S. JanJanin, Esquire** _____
Signature of Attorney for Debtor

Date **July 18, 2016**
MM / DD / YYYY

**Michael S. JanJanin, Esquire** _____
Printed name

**Quinn, Buseck, Leemhuis, Toohey, & Kroto, Inc.** _____
Firm name

**2222 West Grandview Boulevard**
**Erie, PA 16506** _____
Number, Street, City, State & ZIP Code

Contact phone **(814)833-2222** _____  Email address _____

**38880** _____
Bar number & State

---

| Fill in this information to identify your case: | |
| --- | --- |
| Debtor 1 | *Steven Edward Gorniak* |
| | First Name    Middle Name    Last Name |
| Debtor 2 | *Ann Marie Gorniak* |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106Sum

### Summary of Your Assets and Liabilities and Certain Statistical Information          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:    Summarize Your Assets**

| | **Your assets** Value of what you own |
| --- | --- |
| 1. **Schedule A/B: Property** (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from Schedule A/B.............................................................. | $  492,500.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B...................................................... | $  77,900.81 |
| 1c. Copy line 63, Total of all property on Schedule A/B............................................................... | $  570,400.81 |

**Part 2:    Summarize Your Liabilities**

| | **Your liabilities** Amount you owe |
| --- | --- |
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $  356,318.52 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $  1,300.00 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................ | $  44,243.00 |
| **Your total liabilities** | $  401,861.52 |

**Part 3:    Summarize Your Income and Expenses**

| | |
| --- | --- |
| 4. *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*............................................................... | $  5,121.39 |
| 5. *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*.......................................................... | $  4,739.57 |

**Part 4:    Answer These Questions for Administrative and Statistical Records**

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ☑ Yes

7. **What kind of debt do you have?**

   ☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor 1   *Steven Edward Gorniak*

Debtor 2   *Ann Marie Gorniak*

Case number *(if known)* _____

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$ _____ **6,558.42**

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ *0.00* |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ *1,300.00* |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ *0.00* |
| 9d. Student loans. (Copy line 6f.) | $ *2,889.00* |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ *0.00* |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ *0.00* |
| 9g. **Total.** Add lines 9a through 9f. | $ *4,189.00* |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

| Fill in this information to identify your case and this filing: | |
|---|---|
| Debtor 1 | **_Steven Edward Gorniak_** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | **_Ann Marie Gorniak_** |
| (Spouse, if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | _____ |

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once.  If an asset fits in more than one category, list the asset in the category where you think it fits best.  Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.

■ Yes.  Where is the property?

---

1.1
**_11263 Phillipsville Colt Station Road_**
Street address, if available, or other description

**_Wattsburg_**          **_PA_**          **_16442-0000_**
City          State          ZIP Code

**_Erie_**
County

**What is the property?** Check all that apply

■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
■ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **_$475,000.00_** | **_$475,000.00_** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**_Tenants by the Entireties_**

☐ **Check if this is community property** (see instructions)

---

Debtor 1    *Steven Edward Gorniak*

Debtor 2    *Ann Marie Gorniak*

Case number *(if known)* _____

*If you own or have more than one, list here:*

1.2

| | |
|---|---|
| *722 East 13th Street* | |
| Street address, if available, or other description | |

**What is the property?** Check all that apply

☐ Single-family home

■ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

☐ Investment property

☐ Timeshare

☐ Other _____

| | | |
|---|---|---|
| *Erie* | *PA* | *16503-0000* |
| City | State | ZIP Code |

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| *$35,000.00* | *$17,500.00* |

**Who has an interest in the property?** Check one

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

■ At least one of the debtors and another

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

*Joint Tenants in Common*

☐ **Check if this is community property**
  (see instructions)

| | |
|---|---|
| *Erie* | |
| County | |

Other information you wish to add about this item, such as local property identification number:

*Property is jointly owned with Debtor's (Anne Marie Gorniak) Brother, Francis Wiertel.*

2.  Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.........................................................=>

| |
|---|
| *$492,500.00* |

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3.  **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

■ Yes

3.1

| | |
|---|---|
| Make: | *Jeep* |
| Model: | *Wrangler* |
| Year: | *2012* |
| Approximate mileage: | *70,000* |
| Other information: | |

**Who has an interest in the property?** Check one

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this is community property**
  (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| *$18,000.00* | *$18,000.00* |

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
    *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No

☐ Yes

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.........................................................=>

| |
|---|
| *$18,000.00* |

**Part 3:    Describe Your Personal and  Household Items**

**Do you own or have any legal or equitable interest in any of the following items?**

Current value of the portion you own?
Do not deduct secured claims or exemptions.

| Debtor 1 | **Steven Edward Gorniak** | |
|---|---|---|
| Debtor 2 | **Ann Marie Gorniak** | Case number *(if known)* |

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| | |
|---|---|
| *Household Goods and Furnishings* | **$8,545.00** |

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes. Describe.....

| | |
|---|---|
| *Electronics* | **$800.00** |

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
■ No
☐ Yes. Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
☐ No
■ Yes. Describe.....

| | |
|---|---|
| *Fishing Equipment; Hunting Clothing; Compound Bow; and Bow Flex* | **$750.00** |

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
☐ No
■ Yes. Describe.....

| | |
|---|---|
| *8 Rifles* | **$8,000.00** |

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

| | |
|---|---|
| *Usual and Ordinary Wearing Apparel* | **$600.00** |

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
■ Yes. Describe.....

| | |
|---|---|
| *Jewelry* | **$500.00** |

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
☐ No
■ Yes. Describe.....

| Debtor 1 | *Steven Edward Gorniak* |
|----------|--------------------------|
| Debtor 2 | *Ann Marie Gorniak* |

Case number *(if known)* _____

| **2 Dogs; 1 Cat** | *$3.00* |
|---|---|

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☑ No
☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ................................................................

| *$19,198.00* |
|---|

**Part 4:** **Describe Your Financial Assets**

| **Do you own or have any legal or equitable interest in any of the following?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

16. **Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☑ Yes.................................................................................................

| *Cash* | *$50.00* |
|---|---|

17. **Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☑ Yes......................

Institution name:

| 17.1. | *Checking* | *Checking Account @ Northwest Savings Bank  (Balance as of May 18, 2016* | *$869.88* |
|---|---|---|---|

18. **Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☑ No
☐ Yes.................

Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☑ No
☐ Yes.  Give specific information about them...................

Name of entity:                                   % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No
☐ Yes. Give specific information about them

Issuer name:

21. **Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No
☑ Yes. List each account separately.

Type of account:                     Institution name:

| *403(b)* | *403(b) through employment @ St. Vincent Hospital* | *$9,831.25* |
|---|---|---|

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | **Steven Edward Gorniak** |
|----------|---------------------------|
| Debtor 2 | **Ann Marie Gorniak** |

Case number *(if known)* _____

| ***401(k)*** | ***401(k) through employment @ St. Vincent Hospital*** | ***$24,946.68*** |
|---|---|---|

**22.  Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
■ No
☐ Yes. ....................          Institution name or individual:

**23.  Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
■ No
☐ Yes............          Issuer name and description.

**24.  Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
■ No
☐ Yes............          Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25.  Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
■ No
☐ Yes.  Give specific information about them...

**26.  Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
■ No
☐ Yes.  Give specific information about them...

**27.  Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
■ No
☐ Yes.  Give specific information about them...

| **Money or property owed to you?** | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

**28.  Tax refunds owed to you**
■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

_____

**29.  Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ No
☐ Yes. Give specific information......

**30.  Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
benefits; unpaid loans you made to someone else
■ No
☐ Yes.  Give specific information..

**31.  Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
☐ No
■ Yes. Name the insurance company of each policy and list its value.
          Company name:                          Beneficiary:                          Surrender or refund value:

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

Debtor 1    **Steven Edward Gorniak**
Debtor 2    **Ann Marie Gorniak**                                       Case number *(if known)*

| | | |
|---|---|---|
| *Term Life Insurance Policy @ State Farm in the face amount of $500,000.00 with no cash surrender value* | Steven E. Gorniak | *$1.00* |
| *Term Life Insurance Policy through employment @ St. Vincent Hospital in the face amount of $100,000.00 with no cash surrender value* | Steven E. Gorniak | *$1.00* |
| *Term Life Insurance Policy through Lincoln Financial Group in the face amount of $200,000.00 with no cash surrender value* | Ann Marie Gorniak | *$1.00* |
| *Term Life Insurance Policy through American General in the face amount of $100,000.00 with no cash surrender value* | Ann Marie Gorniak | *$1.00* |

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
    ■ No
    ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ■ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ■ No
    ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
    ☐ No
    ■ Yes.  Give specific information..

| | |
|---|---|
| *Social Security Disability (in pay status - $1,167.00 per month)* | *$1.00* |
| *Timeshare (Wyndham)* | *$5,000.00* |

36.  **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**...................................................................................................................

*$40,702.81*

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37.  **Do you own or have any legal or equitable interest in any business-related property?**
    ■ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

| Debtor 1 | **Steven Edward Gorniak** | |
|---|---|---|
| Debtor 2 | **Ann Marie Gorniak** | |
| | | Case number *(if known)* _____ |

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
   - ☑ No. Go to Part 7.
   - ☐ Yes.  Go to line 47.

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |
|---|---|

53. **Do you have other property of any kind you did not already list?**
   *Examples:* Season tickets, country club membership
   - ☑ No
   - ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ....................................   | $0.00 |

| **Part 8:** | **List the Totals of Each Part of this Form** |
|---|---|

| 55. | **Part 1: Total real estate, line 2** ................................................................................... | | | $492,500.00 |
|---|---|---|---|---|
| 56. | **Part 2: Total vehicles, line 5** | | $18,000.00 | |
| 57. | **Part 3: Total personal and household items, line 15** | | $19,198.00 | |
| 58. | **Part 4: Total financial assets, line 36** | | $40,702.81 | |
| 59. | **Part 5: Total business-related property, line 45** | | $0.00 | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | | $0.00 | |
| 61. | **Part 7: Total other property not listed, line 54** | + | $0.00 | |
| 62. | **Total personal property.** Add lines 56 through 61... | | $77,900.81 | Copy personal property total | $77,900.81 |
| 63. | **Total of all property on Schedule A/B**. Add line 55 + line 62 | | | $570,400.81 |

Schedule A/B: Property

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

**Address: 11263 PHILLIPSVILLE COLT STATION RD**    **Owner: GORNIAK STEVEN E UX ANN M**    **Parcel: 44010023000403**

## Parcel Profile

| | |
|---|---|
| Address | 11263 \| PHILLIPSVILLE COLT STATION \| RD |
| Street Status | UNPAVED |
| School District | WATTSBURG SCHOOL |
| Acreage | 18.6900 |
| Classification | F |
| Land Use Code | 10-19.99 ACRES |
| Legal Description | 11263 PHILLIPSVILLE COLT STATION 18.69 AC |
| Square Feet | 3140 |
| Topo | LEVEL |
| Utility | WELL \| SEPTIC |
| Zoning | Please contact your municipal zoning officer |
| Deed Book | 1252 |
| Deed Page | 0152 |

## 2016 Tax Values

| | |
|---|---|
| Land Value / Taxable | 47,700 / 47,700.00 |
| Building Value / Taxable | 187,700 / 187,700.00 |
| Total Value / Taxable | 235,400 / 235,400.00 |
| Clean & Green | Inactive |
| Homestead Status | Active |
| Farmstead Status | Inactive |
| Lerta Amount | 0 |

Erie County, Pennsylvania
Case 16-10685-TPA    Doc 1    Filed 07/18/16    Entered 07/18/16 14:31:50    Desc Main
Document    Page 18 of 135

Page 2 of 7

Lerta Expiration Year                0

Residential Data

**Card 1**

| | |
|---|---|
| Style | CONVENTIONAL |
| Basement | FULL |
| Year Built | 1989 |
| Exterior Wall | ALUMINUM/VINYL |
| Total Living Area | 3140 |
| Full Baths | 2 |
| Half Baths | 1 |
| Fuel Type | GAS |
| Heating | CENTRAL |
| Heating System | HOT WATER |
| Stories | 2.0 |
| Total Bedrooms | 3 |
| Total Family Rooms | 1 |
| Total Rooms | 6 |
| Fireplaces | 1 |

Other Buildings & Yards
*No OBY Data Found*

Sales History

| Sale Date | From | To | Type | Price | Book / Page | Other Info |
|---|---|---|---|---|---|---|
| 11/5/1979 | | | | 0 | 1252 / 0152 | |

# Parcel Sketches

# Residential Card 1



| | | |
|---|---|---|
| A | MAIN | 1440 square feet |
| B | OFP OPEN FRAME PORCH | 600 square feet |
| C | UNFIN BSMT BASEMENT UNFINISHED 1S FR ONE STORY FRAME | 260 square feet |
| D | FR GR FRAME GARAGE AT UN ATTIC-UNFINISHED | 896 square feet |
| E | OFP OPEN FRAME PORCH | 40 square feet |

# Parcel Images





11/14/2008

# Annual Taxes

**Attention City of Erie Residents**
**Please be advised that due to the recent change in the billing cycle for the City of Erie
school taxes, the total for Year 2012 (school tax column) will now include the total amounts
for both the 2011-12 AND the 2012-13 tax years.**

| Year | County | City/Township | School | Library | Total |
|------|--------|---------------|--------|---------|-------|
| 2016 | 1214.66 | 517.88 | 0 | 0 | 1732.54 |
| 2015 | 1160.52 | 517.88 | 3788.06 | 0 | 5466.46 |
| 2014 | 1160.52 | 517.88 | 3493.58 | 0 | 5171.98 |
| 2013 | 1160.52 | 517.88 | 3266.78 | 0 | 4945.18 |
| 2012 | 1487.03 | 663.63 | 4066.13 | 0 | 6216.79 |
| 2011 | 1487.03 | 589.90 | 4063.81 | 0 | 6140.74 |
| 2010 | 1487.03 | 589.90 | 3938.56 | 0 | 6015.49 |

Erie County, Pennsylvania                            Page 6 of 7
Case 16-10685-TPA   Doc 1   Filed 07/18/16   Entered 07/18/16 14:31:50   Desc Main
Document     Page 22 of 135

| Year | | | | | | |
|------|------|------|------|------|---|------|
| 2009 | 1339.56 | 589.90 | | 3590.67 | 0 | 5520.13 |
| 2008 | 1278.11 | 344.11 | | 3523.26 | 0 | 5145.48 |
| 2007 | 1216.66 | 319.53 | | 3600.82 | 0 | 5137.01 |
| 2006 | 1216.66 | 270.37 | | 3600.82 | 0 | 5087.85 |
| 2005 | 1150.30 | 245.79 | | 3539.38 | 0 | 4935.47 |
| 2004 | 1150.30 | 245.79 | | 3459.76 | 0 | 4855.85 |
| 2003 | 1130.63 | 245.79 | | 3078.79 | 0 | 4455.21 |

# Delinquent Taxes

| Tax Year 2006 | Tax | Penalty | Interest | Total | Paid/Exon | Balance |
|---------------|-----|---------|----------|-------|-----------|---------|
| COUNTY | 1,216.66 | 121.67 | 120.45 | 1,458.78 | 1,458.78 | 0.00 |
| TWP/BORO/CITY | 270.37 | 27.04 | 26.77 | 324.18 | 324.18 | 0.00 |
| LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SCHOOL | 3,600.82 | 360.08 | 356.48 | 4,317.38 | 4,317.38 | 0.00 |
| SCHOOL LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| *FEES* | | | | 73.00 | 73.00 | 0.00 |
| | | | | **2006 Total Due:** | | **$0.00** |

| Tax Year 2007 | Tax | Penalty | Interest | Total | Paid/Exon | Balance |
|---------------|-----|---------|----------|-------|-----------|---------|
| COUNTY | 1,216.66 | 121.67 | 209.79 | 1,548.12 | 1,548.12 | 0.00 |
| TWP/BORO/CITY | 319.53 | 31.95 | 55.10 | 406.58 | 406.58 | 0.00 |
| LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SCHOOL | 3,600.82 | 360.08 | 620.89 | 4,581.79 | 4,581.79 | 0.00 |
| SCHOOL LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| *FEES* | | | | 229.00 | 229.00 | 0.00 |
| | | | | **2007 Total Due:** | | **$0.00** |

| Tax Year 2008 | Tax | Penalty | Interest | Total | Paid/Exon | Balance |
|---------------|-----|---------|----------|-------|-----------|---------|

| | | | | | |
|---|---|---|---|---|---|
| COUNTY | 1,278.11 | 127.81 | 116.76 | 1,522.68 | 1,522.68 | 0.00 |
| TWP/BORO/CITY | 344.11 | 34.41 | 31.44 | 409.96 | 409.96 | 0.00 |
| LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| SCHOOL | 3,523.26 | 352.33 | 321.87 | 4,197.46 | 4,197.46 | 0.00 |
| SCHOOL LIBRARY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| *FEES* | | | | 75.00 | 75.00 | 0.00 |

**2008 Total Due:**    **$0.00**

**Grand Total Due:**    **$0.00**

# Owner Info

**PARCEL ID:** 44-010-023.0-004.03
**OWNER 1:**    GORNIAK STEVEN E UX ANN M
**OWNER 2:**
**ADDRESS 1:** 11263 PHILLIPSVILLE COLT STATION RD
**ADDRESS 2:**
**ADDRESS 3:**
**CITY:**    WATTSBURG
**STATE:**    PA
**ZIP 1:**    16442
**ZIP 2:**    1615
**LEGAL 1:**    11263 PHILLIPSVILLE COLT STATION 18.69 AC
**LEGAL 2:**
**LEGAL 3:**

RECORDED:
FEBRUARY
2, 1977
2:29PM

BOOK 1252 PAGE 152

This Indenture, Made the

5th    day of    January    in the year of our Lord one thousand nine hundred and    Seventy-Seven

**Between**    REJN Development, Inc. a Pennsylvania corporation with its
principal office located in the City of Erie, County of Erie
and State of Pennsylvania, party of the first part,

-and-

STEVEN E. GORNIAK and ANN MARIE GORNIAK, his wife, of the
Township of Venango, County of Erie and State of Pennsylvania,
as tenants by the entireties with the right of survivorship
to either of them, Parties of the Second Part.

**Witnesseth,** That the said party(ies) of the first part, for and in consideration of the sum of -------------

Sixteen Thousand and 00/100---------------($16,000.00)-------------------------

lawful money of the United States of America, unto the party(ies) of the first part, well and truly paid by the said
party(ies) of the second part, at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged,
has granted, bargained, sold, released and confirmed, and by these presents does grant, bargain, sell, release and
confirm unto the said party(ies) of the second part, its, his, her or their heirs, executors, administrators, successors
and assigns, all that certain piece or parcel of land

Situate in the Township of Venango, County of Erie and State of Pennsyl-
vania, bounded and described as follows, to-wit: BEGINNING at a stake in
the eastern line of Colt Station-Phillipsville Road, located 770 feet
northerly from the northern line of Jones Road, when measured along the
eastern line of the Colt Station-Phillipsville Road; THENCE north 38° 07'
east, along the eastern line of the Colt Station-Phillipsville Road, a
distance of 554.36 feet to a stake; THENCE south 55° 06' 06" east, a
distance of 1,470.04 feet to a stake; THENCE south 38° 07' west, a dis-
tance of 554.36 feet to a stake set in the south line of Tract 96; THENCE
north 55° 06' 06" west, a distance of 1,470.04 feet to the PLACE OF
BEGINNING, containing 18.69 acres and being Lot No. 4 on the Map of REJN
Development, Inc., recorded in the Office of the Recorder of Deeds of
Erie County, Pennsylvania, in Map Book 13, Page 136.

BEING part of the land conveyed to grantor herein by deed dated August 29,
1974, recorded in Erie County Deed Book 1127, Page 356, on August 30, 1974.

WATTSBURG AREA
SCHOOL DISTRICT REALTY

Transfer Tax _____
Received by _____
Date _____ 19___

RDI

VENANGO TOWNSHIP REALTY

TRANS. _____
R _____
DATE _____ 1977

BOOK 1252 PAGE 153

**Together** with all and singular the improvements, ways, streets, alleys, passages, waters, watercourses, rights, liberties, privileges, hereditaments and appurtenances whatsoever, thereunto belonging, or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever, of the party(ies) of the first part, in law, equity, or otherwise howsoever, of, in, and to the same and every part thereof,

**To Have and to Hold** the said lot or piece of ground above described with the messuage or tenement thereon erected unto the said party(ies) of the second part, its, his, her or their heirs, executors, administrators, successors and assigns forever,

Generally

AND the said party(ies) of the first part hereby do/does and will warrant / the property hereby conveyed.

**In Witness Whereof,** the said party(ies) of the first part has/have hereunto caused its corporate seal to be affixed, and attested this    5th        day of   January    A.D. one thousand nine hundred and

(Corporate Seal)

REJN Development, Inc.

By _Edward J. Corniak_ ------------------
President.

Attest: _Raymond C. S. Hamilton_ ------------
Secretary.

COMMONWEALTH OF PENNSYLVANIA,

COUNTY OF   ERIE                                } SS.

On this, the    5th            day of   January                        , 1977 ,

before me  a Notary Public                              , the undersigned officer, personally appeared

EDWARD J. CORNIAK,                          , who acknowledged himself to be the

President        of        REJN Development, Inc.            , a corporation,

and that he as such    officer            , being authorized to do so, executed the foregoing instrument for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

CAROL K. DUCHOWSKI, Notary Public
Erie Co. Pa.
My Commission Expires October 3, 1977

_Carol K. Duchowski_ ------------------
Notary Public

I _Eugene R. Kuhn_ ------------------ hereby certify that the residence of the within named Grantee

is: R. D. # 1, Colt Station Road, Wattsburg, Pennsylvania  16442 ----------

_Eugene R. Kuhn_ ------------------

ₖₐₐ—CORPORATION DEED—*Dunlap, The Printer, Inc., Box 1267, Erie, Pa.*

Recorded:
September
1, 1980
@ 4:05
PM

**This Indenture Made the**

BOOK 1305 PAGE 534

19th day of August    In the year of our Lord one thousand nine hundred and eighty

**Between**    REJN DEVELOPMENT, INC., a Pennsylvania corporation, with principal offices
located in the City of Erie, County of Erie and State of Pennsylvania,
Party of the First Part.

AND

STEVEN E. GORNIAK and ANN MARIE GORNIAK, his wife, as tenants by the
entireties with right of survivorship to the entirety in the survivor
thereof, of Wattsburg, Pennsylvania, Parties of the Second Part.

**Witnesseth,** That the said party(ies) of the first part, for and in consideration of the sum of – – – – –
TEN THOUSAND AND 00/100 ($10,000.00) DOLLARS – – – – – – – – – – – – – – – – – – –
lawful money of the United States of America, unto the party(ies) of the first part, well and truly paid by the said
party(ies) of the second part, at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged,
has granted, bargained, sold, released and confirmed, and by these presents does grant, bargain, sell, release and
confirm unto the said party(ies) of the second part, its, his, her or their heirs, executors, administrators, successors
and assigns, all that certain piece or parcel of land   situate in the Township of Venango, County of

Erie and State of Pennsylvania, and being Lots Nos. 1 and 2 of REJN SUBDIVISION NO. 1,

Revised by Terry Alan Darnofall, Surveyor, and which subdivision is recorded in Erie

County Map Book 13 at page 136, and rerecorded in Erie County Map Book 21 at page 28, to

which reference is made for a more detailed description of said property.

Being a part of the same premises conveyed to the Party of the First Part by deed

dated August 29, 1974, and recorded in Erie County Deed Book 1127 at page 356.

This deed is made, executed and delivered under and pursuant to a resolution of the

Board of Directors of REJN DEVELOPMENT, INC., passed at a special meeting of said

directors which authorized the president and secretary to make, execute and acknowledge

this deed for and on behalf of said corporation.

The above-described property is conveyed subject to the following restrictions:

1. The property shall be used for residential purposes only. This shall not

preclude the owner from being allowed to erect a barn for housing of a horse, pony, dog

or other domestic animal for his own use and not for any commercial purpose or use.

2. Any dwelling erected on the above-described premises shall have a minimum of

1,500 square feet of living area on the first floor.

3. The first party reserves to itself, its successors and assigns, all mineral

rights in the above-described property. This includes gas and oil rights.

(over)

BOOK 1396 PAGE 535

4.  The above-described property is subject to utility right of ways, which right of ways shall not be obstructed by any lot owner in the subdivision.

5.  No lot owner shall obstruct any lot with trees, shrubs, fences or any other obstruction of any nature or kind within 50 feet measured from the center line of the road in front of said lot.

6.  No trailers or mobile homes shall be used as a permanent residence, but they may be used as a temporary residence during construction of a dwelling.  Said trailer or mobile home must be removed immediately upon completion of the dwelling, and in no event shall a trailer or mobile home be allowed to remain on the property longer than three (3) years after the same is first placed on the property.

7.  The first party reserves to itself, its successors and assigns, the right to change, amend or alter these restrictions at any time in the future.  The second parties accept this deed with the full understanding of the rights herein reserved to the first party, its successors and assigns, to so change, amend or alter these restrictions at any time in the future.

VENANGO TOWNSHIP
Transfer Tax  50. 00
Received By David B. Wiley agent
Date  Sept 3 1982

WATTSBURG AREA
SCHOOL DISTRICT
TRANSFER TAX  50. 00
RECEIVED BY David B. Wiley agent
DATE  Sept 3 1982

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF REVENUE  R B me
REALTY
TRANSFER  SEP-3'80
TAX                100.00
R.R.11153

BOOK 1396 PAGE 536

**Together** with all and singular the improvements, ways, streets, alleys, passages, waters, watercourses, rights, liberties, privileges, hereditaments and appurtenances whatsoever, thereunto belonging, or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever, of the party(ies) of the first part, in law, equity, or otherwise howsoever, of, in, and to the same and every part thereof.

**To Habe and to Hold** the said lot or piece of ground above described with the messuage or tenement thereon erected unto the said party(ies) of the second part, its, his, her or their heirs, executors, administrators, successors and assigns forever.

**AND** the said party(ies) of the first part hereby does and will warrant **generally** the property hereby conveyed.

**In Witness Whereof,** the said party(ies) of the first part has/have hereunto caused its corporate seal to be affixed, and attested this    19th    day of August    A.D. one thousand nine hundred and   **eighty** .

                                         REJN DEVELOPMENT, INC.

(Corporate Seal)                  By _Edward J. Gorniak_
                                         EDWARD J. GORNIAK                    President.

                                  Attest _Raymond S. Gorniak_
                                         RAYMOND S. GORNIAK                    Secretary.

**COMMONWEALTH OF PENNSYLVANIA,**
                                                     } SS.
**COUNTY OF  ERIE**

        On this, the        19th        day of        August                  , 19 80 ,

before me    a Notary Public                           , the undersigned officer, personally appeared

    EDWARD J. GORNIAK                                  , who acknowledged himself to be the

    President        of      REJN DEVELOPMENT, INC.                  , a corporation,

and that he as such  officer          , being authorized to do so, executed the foregoing instrument for the purposes therein contained.

        In witness whereof, I hereunto set my hand and official seal

                                         _Robt M. Speed_

                                  Robert N. Speder, Notary Public
                                  Erie, Erie County Pennsylvania        Notary Public
                                  My Commission Expires Jan. 23, 1983

    I _Robt M. Speed_                        hereby certify that the residence of the within named Grantee
is: _11.262 Colt Station Rd., Wattsburg, Pa, 16442_
                                         _Robt M. Speed_

WARRANTY DEED

## CORRECTIVE DEED
# THIS INDENTURE

**STATEMENT OF VALUE FILED**

Made the _1st_ day of _November_ in the year of our Lord two thousand nine hundred and twelve (2012).

BETWEEN REJN DEVELOPMENT, INC., a Pennsylvania Corporation, with principal offices located in the City of Erie and State of Pennsylvania, Party of the First Part, Grantor,

and

STEVEN E. GORNIAK and ANN MARIE GORNIAK , his wife, as tenants by the entireties with right of survivorship to the entirety in the survivor thereof, of Wattsburg, Pennsylvania, Parties of the Second Part, Grantees

WITNESSETH, That the said party(ies) of the first party, for and in consideration of the sum of ONE AND NO/100 ($ 1.00) DOLLARS, lawful money of the United States, to him/her/them in hand paid by the said party(ies) of the second part, at and before the ensealing and delivery of these presents, the receipt and payment whereof is hereby acknowledged, has/have granted, bargained, sold, released and confirmed, and by these presents do/does grant, bargain, sell, release and confirm unto the said party(ies) of the second part, and to his, her, their, its heirs/successors and assigns,

All that certain piece or parcel of land situate in the Township of Vehango, County of Erie and State of Pennsylvania, and being Lots 1 and 2 of REJN SUBDIVISION NO. 1, Revised by Terry Alan Darnofall, Surveyor, and which subdivision is recorded in Erie County Map Book 13 at page 136, and rerecorded in Erie County Map Book 21 at page 28, to which reference is made for a more detailed description of said property.

The above described premises consists of vacant lots and Lot 1 consists of 10.1 AC more or less and is identified as Erie County Tax Index No. (44) 10-23-4.01 and Lot 2 consists of 2.4 AC more or less and is identified as Erie County Tax Index No. (44) 10-23-4.02

Being a part of the same premises conveyed to the Party of the First Part by deed dated August 29, 1974, and recorded in Erie County Deed Book 1127 at page 356.

This deed is made, executed and delivered under and pursuant to a resolution of the Board of Directors of REJN DEVELOPMENT, INC., passed at a special meeting of said directors which authorized the president and secretary to make, execute and acknowledge this deed for and on behalf of the corporation.

The above-described property is conveyed subject to the following restrictions:

1. The property shall be used for residential purposes only. This shall not preclude the owner from being allowed to erect a barn for housing of a horse, pony, dog, or other domestic animal for his own use and not for any commercial purpose or use.

2. Any dwelling erected on the above-described premises shall have a minimum of 1,500 square feet of living area on the first floor.

3. The above-described property is subject to utility rights of ways, which rights of way shall not be obstructed by any lot owner in the subdivision.

4. No lot owner shall obstruct any lot with trees, shrubs, fences or any other obstruction any nature or kind within 50 feet measured from the center line of the road in front of said lot.

5. No trailers or mobile homes shall be used as a permanent residence, but they may be used as a temporary residence during construction of a dwelling. Said trailer or mobile home must be removed immediately upon completion of the dwelling, and in no event shall a trailer or mobile home be allowed to remain on the property longer than three (3) years after the same is first placed on the property.

6. The first party reserves to itself, its successors and assigns, the right to change, amend or alter these restrictions at any time in the future. The second parties accept this deed with the full understanding of the rights herein reserved to the first party, its successors and assigns. To so change, amend or alter these restrictions at any time in the future.

Being the same premises conveyed by the Party of the First Part, Grantor, to the Parties of the Second Part, Grantees, by deed dated August 19, 1980 and recorded September 3, 1980 in Erie County Deed Book 1396 at page 534.

The corrective nature of this deed is to remove the mineral reservation to the Parties of the First Part which was erroneously included as reservation number 3 in the earlier recorded deed(DB 1396 page 534). Initially, by deed recorded February 7, 1977 in Erie County Deed Book 1252 at page 152 the Party of the First Part conveyed to the Parties of the Second Part real estate comprising approximately 18.69 acres without a reservation of minerals. Then in 1980 by the deed recorded in Erie County Deed Book 1396 at page 534 the Party of the First Part conveyed the two parcels of 10.1 acres and 2.4 acres to the Parties of the Second Part, but erroneously inserted in the deed the mineral reservation as reservation number 3.

The sole purpose of this corrective deed is to remove the reservation of minerals erroneously inserted into the deed recorded at Erie County Deed Book 1396 at page 534 so that the Parties of the Second Part correctly receive and own all mineral right regarding the above described properties.

THIS IS A CORRECTIVE DEED AND NO TITLE TRANSFER TAXES ARE DUE OR PAYABLE.

SUBJECT to all restrictions, easements, rights-of-way, building lines and oil and gas leases of record and to all easements and rights-of-way visible and discoverable upon an inspection of the premises.

FIRST PARTY(IES) has/have no actual knowledge of any hazardous waste as defined in Act No. 1980-97 of the Commonwealth of Pennsylvania, having been or which is presently being disposed on or about the property described in this Deed.

2

Grantors convey this premises with all of the improvements, minerals, streets, rights pertaining to the premises and all of the Grantors' right, title and interest in law or equity in the premises. Grantors grant and convey the premises to the Grantees and their successors in interest forever, and they warrant generally the premises hereby conveyed.

IN WITNESS WHEREOF, the said party(ies) of the first part has/have hereunto caused its corporate seal to be affixed and attested this _____1st_____ day of _Novenber_ in the year _2012_.

REJN DEVELOPMENT, INC.

(Corporate Seal)

By: _Edward J. Gorniak_
Edward J. Gorniak, President

By: _Raymond S. Gorniak_
Raymond S. Gorniak, Secretary

STATE OF PENNSYLVANIA        :
                             : SS:
COUNTY OF ERIE               :

On this, 1st day of _November_ , 20 12, before me, a notary public, the undersigned officer, personally appeared Edward J. Gorniak and Raymond S. Gorniak, who acknowledged themselves to be the President and Secretary respectively of REJN DEVELOPMENT, INV., a corporation, and that they, as such officers, being authorized to do so, executed the foregoing instrument for the purposes therein contained.,

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_William J. Schaaf_
Notary Public

NOTARIAL SEAL
WILLIAM J. SCHAAF, NOTARY PUBLIC
ERIE, ERIE COUNTY, PENNA.
MY COMMISSION EXPIRES ON OCT. 3, 2013

I, _William J. Schaaf_, hereby certify that the residence of the within named Grantee is: 11262 Colt Station Road, Wattsburg, PA 16442.

3

REV-183 EX (7-08) (FI)



**pennsylvania**
DEPARTMENT OF REVENUE
Bureau of Individual Taxes
PO BOX 280603
Harrisburg PA 17128-0603

## REALTY TRANSFER TAX
## STATEMENT OF VALUE

See Reverse for Instructions

| RECORDER'S USE ONLY | |
|---|---|
| State Tax Paid | 0 |
| Book Number | Inst # 2012 - 30697 |
| Page Number | |
| Date Recorded | 11-8-12 |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. A Statement of Value is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. If more space is needed, attach additional sheets.

### A. CORRESPONDENT – All inquiries may be directed to the following person:

| Name | Telephone Number: |
|---|---|
| William J. Schaaf, Esq. | (814) 456-5301 |

| Street Address | City | State | ZIP Code |
|---|---|---|---|
| 300 State Street, Suite 300 | Erie | PA | 16507 |

### B. TRANSFER DATA

| Grantor(s)/Lessor(s) | Date of Acceptance of Document |
|---|---|
| REJN Development Inc. | Grantee(s)/Lessee(s) |
| | Steven E. Gorniak and Ann Marie Gorniak |

| Street Address | | | Street Address | | |
|---|---|---|---|---|---|
| 2317 E. 43rd Street | | | 11262 Colt Station Road | | |

| City | State | ZIP Code | City | State | ZIP Code |
|---|---|---|---|---|---|
| Erie | PA | 16510 | Wattsburg | PA | 16442 |

### C. REAL ESTATE LOCATION

| Street Address | City, Township, Borough |
|---|---|
| Lot 1 & 2 of REJN Subdivision No. 1 | Township of Venango |

| County | School District | Tax Parcel Number |
|---|---|---|
| Erie | Wattsburg | (44) 10-23-4.01 & 4.02 |

### D. VALUATION DATA

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| 1.00 | + 0.00 | = 1.00 |

| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Fair Market Value |
|---|---|---|
| 50,700.00 | X 1.18 | = 59,826.00 |

### E. EXEMPTION DATA

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| | 100 | 100 |

### 2. Check Appropriate Box Below for Exemption Claimed

☐ Will or intestate succession. _____
             (Name of Decedent)         (Estate File Number)

☐ Transfer to Industrial Development Agency.

☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)

☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐ Transfers to the Commonwealth, the United States and Instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of Mortgage and note/Assignment.)

☒ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☐ Other (Please explain exemption claimed, if other than listed above.) _____

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|
| *[signature]* | 11/1/12 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**



2012-030697

# RECORDER OF DEEDS DIVISION

ERIE COUNTY COURTHOUSE◆140 W. 6TH STREET, P.O. BOX 1849◆ERIE
PENNSYLVANIA 16507 PHONE: (814) 451-6246 FAX:(814) 451-6213
EMAIL: recorder@eriecountygov.org

**PATRICK L. FETZNER
CLERK OF RECORDS**

| | |
|---|---|
| Instrument Number: 2012-030697 | Record Date: 11/08/2012 |
| Instrument Type: DEED | Record Time: 04:12:44 |
| | Receipt No.: 1021100 |

- - -

### Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| DEED | 15.00 |
| DEED - WRIT | .50 |
| DEED - RTT STATE | .00 |
| WATTSBURG S.D. | .00 |
| VENANGO TWP | .00 |
| LOW INCOME HOUSING | 10.50 |
| J.C.S. / A.T.J | 23.50 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| Check# 18697 | $54.50 |
| Total Received........ | $54.50 |

Recording Page Count: 5

Paid By Remarks: MARSH/GORNIAK
CGR

I HEREBY CERTIFY THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

*Patrick L. Fetzner*

PATRICK L. FETZNER
ERIE COUNTY CLERK OF RECORDS

---

Certification Page
## DO NOT DETACH
This page is now part of this legal document.

---

NOTE: Some information subject to change during the verification process and may not be reflected on this page.

Erie County, Pennsylvania
Case 16-10685-TPA    Doc 1    Filed 07/18/16    Entered 07/18/16 14:31:50    Desc Main
Document        Page 34 of 135

Page 1 of 6

**Address: 722 E 13 ST**

**Owner: GORNIAK ANN MARIE ET WIERTEL FRANCIS M**

**Parcel: 15020036032500**

| Parcel Profile | |
|---|---|
| Address | 722 \| E \| 13 \| ST |
| Street Status | PAVED \| SIDEWALK |
| School District | CITY OF ERIE SCHOOL |
| Acreage | 0.0844 |
| Classification | R |
| Land Use Code | TWO FAMILY |
| Legal Description | 722 E 13 ST 35X105 |
| Square Feet | 2232 |
| Topo | LEVEL |
| Utility | ALL PUBLIC |
| Zoning | Please contact your municipal zoning officer |
| Deed Book | 2014 |
| Deed Page | 018182 |
| 2016 Tax Values | |
| Land Value / Taxable | 5,700 / 5,700.00 |
| Building Value / Taxable | 33,700 / 33,700.00 |
| Total Value / Taxable | 39,400 / 39,400.00 |
| Clean & Green | Inactive |

Erie County, Pennsylvania    Page 2 of 6
Case 16-10685-TPA    Doc 1    Filed 07/18/16    Entered 07/18/16 14:31:50    Desc Main
Document    Page 35 of 135

| | |
|---|---|
| Homestead Status | Active |
| Farmstead Status | Inactive |
| Lerta Amount | 0 |
| Lerta Expiration Year | 0 |

Residential Data

**Card 1**

| | |
|---|---|
| Style | OLD STYLE |
| Basement | PART |
| Year Built | 1888 |
| Exterior Wall | ALUMINUM/VINYL |
| Total Living Area | 2232 |
| Full Baths | 2 |
| Half Baths | 0 |
| Fuel Type | GAS |
| Heating | CENTRAL |
| Heating System | FORCED AIR |
| Stories | 2.0 |
| Total Bedrooms | 4 |
| Total Family Rooms | 0 |
| Total Rooms | 10 |
| Fireplaces | 0 |

Other Buildings & Yards

| Description | Built | Width | Length | Area |
|---|---|---|---|---|
| FRAME OR CB DETACHED GARAGE | 1890 | 12 | 22 | 264 |

FRAME UTILITY SHED | | | 1890 | 22 | 7 | | 154

Sales History

| Sale Date | From | To | Type | Price | Book / Page | Other Info |
|-----------|------|-----|------|-------|-------------|------------|
| 8/28/2014 | GORNIAK ANN MARIE ET WIERTEL LEO R ET | GORNIAK ANN MARIE ET WIERTEL FRANCIS M | LAND & BUILDING | 0 | 2014 / 018182 | QUIT CLAIM DEED |
| 4/2/2004 | WIERTEL LEO UX GENEVIEVE H | GORNIAK ANN MARIE ET WIERTEL LEO R ET | LAND & BUILDING | 0 | 1121 / 0708 | WARRANTY/SURVIVORSHIP DEED |
| 11/27/1954 | | | | 0 | 0689 / 0456 | |

# Parcel Sketches

## Residential Card 1



| | | |
|---|---|---|
| **A** | MAIN | 1116 square feet |
| **B** | EFP ENCL FRAME PORCH EFP ENCL FRAME PORCH | 36 square feet |
| **C** | EFP ENCL FRAME PORCH | 60 square feet |
| **D** | OFP OPEN FRAME PORCH | 110 square feet |

# Parcel Images



# Annual Taxes

**Attention City of Erie Residents**
**Please be advised that due to the recent change in the billing cycle for the City of Erie**
**school taxes, the total for Year 2012 (school tax column) will now include the total amounts**
**for both the 2011-12 AND the 2012-13 tax years.**

| Year | County | City/Township | School | Library | Total |
|------|--------|---------------|--------|---------|-------|
| 2016 | 203.30 | 459.01 | 325.07 | 0 | 987.38 |
| 2015 | 194.24 | 459.01 | 324.40 | 0 | 977.65 |
| 2014 | 194.24 | 427.49 | 328.06 | 0 | 949.79 |
| 2013 | 194.24 | 427.49 | 329.66 | 0 | 951.39 |
| 2012 | 253.19 | 548.24 | 919.87 | 0 | 1721.30 |

| 2011 | 253.19 | 479.18 | 411.70 | 0 | 1144.07 |
| 2010 | 253.19 | 479.18 | 374.42 | 0 | 1106.79 |
| 2009 | 228.08 | 479.18 | 714.33 | 0 | 1421.59 |
| 2008 | 217.62 | 479.18 | 714.33 | 0 | 1411.13 |
| 2007 | 207.16 | 479.18 | 714.33 | 0 | 1400.67 |
| 2006 | 207.16 | 427.29 | 714.33 | 0 | 1348.78 |
| 2005 | 195.86 | 406.36 | 687.12 | 0 | 1289.34 |
| 2004 | 195.86 | 406.36 | 687.12 | 0 | 1289.34 |
| 2003 | 192.51 | 414.73 | 687.12 | 0 | 1294.36 |

# Delinquent Taxes

*No Delinquent Taxes*

# Owner Info

**PARCEL ID:** 15-020-036.0-325.00
**OWNER 1:** GORNIAK ANN MARIE ET WIERTEL FRANCIS M
**OWNER 2:**
**ADDRESS 1:** 722 E 13TH ST
**ADDRESS 2:**
**ADDRESS 3:**
**CITY:** ERIE
**STATE:** PA
**ZIP 1:** 16503
**ZIP 2:** 1444
**LEGAL 1:** 722 E 13 ST 35X105
**LEGAL 2:**
**LEGAL 3:**

# *QUIT CLAIM DEED*

**THIS INDENTURE** made the 28ᵈ day of _August_ in the year of our Lord two thousand and fourteen (2014).

**BETWEEN**     LEO R. WIERTEL, of the City of Erie, County of Erie and State of Pennsylvania,

Party of the first part,

A N D

**ANN MARIE GORNIAK and FRANCIS M. WIERTEL,** as Tenants in Common, of the City of Erie County of Erie, State of Pennsylvania,

Parties of the second part.

**WITNESSETH,** That the said parties of the first part, for and in consideration of the sum of **One Dollar and 00/100--------------------** ($1.00) Dollar and other good and valuable considerations lawful money of the United States, to them in hand paid by the said parties of the second part, at and before the ensealing and delivery of these presents, the receipt and payment whereof is hereby acknowledged, have remised, released, and QUIT CLAIMED, and by these presents does remise, release, and QUIT CLAIM unto the said parties of the second part, and to their heirs and assigns forever,

BEGINNING at a point in the north line of Thirteenth Street at the distance of one hundred seventy-two and one-half (172 ½) feet eastwardly from the point of intersection of said north line of Thirteenth Street with the east line of Reed Street; thence northwardly parallel with Reed Street, one hundred five (105) feet to an alley; thence eastwardly along said alley and parallel with Thirteenth Street, thirty-five (35) feet; thence southwardly parallel with Reed Street, one hundred five (105) feet to the said north line of Thirteenth Street; and thence westwardly along the north line of Thirteenth Street, thirty-five (35) feet to the place of beginning. Being part of Out Lot No. 532 and having erected thereon a two-story frame dwelling commonly known as 722 East 13th Street, Erie Pennsylvania, bearing Erie County Index No. (15)2036-235. City or Erie

BEING the same premise conveyed to Ann Marie Gorniak, Leo R. Wiertel and Francis M. Wiertel, by deed dated March 31, 2004 and recorded April 2, 2004 in Erie County Record Book 1121, page 0708.

There are no taxes on this conveyance as it is from brothers and sister to brother and sister.

THIS DEED is taken under and subject to all easements, restrictions and right of way of record and/or those that are visible to a physical inspection.

The Parties of the First Part have no actual knowledge of any hazardous waste, as defined in Act 1980-97 of the Commonwealth of Pennsylvania, having been or presently being disposed of, on or about the within described property.

**IN WITNESS WHEREOF**, the said parties of the first part have hereunto set their hands and seals the day and year first above written.

SIGNED, SEALED and DELIVERED
in the presence of

_____          Leo R. Wiertel      (Seal)
                                 Leo R. Wiertel

STATE OF PENNSYLVANIA        :
                             :    ss.
COUNTY OF ERIE               :


On this, the 28th day of August, 2014, before me a Notary Public, the undersigned officer, personally appeared **Leo R. Wiertel**, known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within instrument, and acknowledged that they executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.

NOTARIAL SEAL
RONALD J. SUSMARSKI, NOTARY PUBLIC
MILLCREEK TWP., ERIE COUNTY, PA
MY COMMISSION EXPIRES ON APRIL 18, 2017

_____
Title of Officer

I, Ronald J. Susmarski, hereby certify that the residence of the within named Grantees is: 722 E. 15th St Erie PA 16503



2014-018182



# RECORDER OF DEEDS DIVISION

ERIE COUNTY COURTHOUSE 140 W. 6TH STREET, ERIE, PA 16501
Mailing Address: P.O. Box 1849, Erie, Pennsylvania 16512
PHONE: (814) 451-6246    FAX: (814) 451-6213
EMAIL: recorder@eriecountygov.org

PATRICK L. FETZNER
CLERK OF RECORDS

| | |
|---|---|
| Instrument Number: 2014-018182 | Record Date: 8/28/2014 |
| Instrument Type: DEED | Record Time: 03:59:25 |
| | Receipt No.: 1082611 |

- - -                                                                      - - -

## Receipt Distribution

| Fee/Tax Description | Payment Amount |
|---|---|
| DEED | 13.00 |
| DEED - WRIT | .50 |
| DEED - RTT STATE | .00 |
| ERIE S.D. | .00 |
| CITY OF ERIE | .00 |
| LOW INCOME HOUSING | 10.50 |
| J.C.S. / A.T.J | 35.50 |
| CO REC MGT ACCT | 2.00 |
| ROD REC MGT ACCT | 3.00 |
| Check# 9470 | $64.50 |
| Total Received........ | $64.50 |

Recording Page Count:    3

Paid By Remarks:  SUSMARSKI/GORNIAK
EP

I HEREBY CERTIFY THAT THIS DOCUMENT
IS RECORDED IN THE RECORDER OF DEEDS
OFFICE OF ERIE COUNTY, PENNSYLVANIA

*Patrick L. Fetzner*

PATRICK L. FETZNER
ERIE COUNTY CLERK OF RECORDS

---

Certification Page
## DO NOT DETACH
This page is now part of this legal document.

---

NOTE:  Some information subject to change during the verification process and may not be reflected on this page.

**WARRANTY DEED**
Document #541684

2004 APR -2 P 3: 49 9

**THIS INDENTURE**

RECORDER OF DEEDS
ERIE COUNTY, PA.

MADE the _31st_ day of March , in the year two thousand and four (2004),

**BETWEEN**   **GENEVIEVE H. WIERTEL,** an unremarried widow, of the City of Erie, County of Erie and State of Pennsylvania, the Grantor;

**--AND--**

**ANN MARIE GORNIAK,** and undivided one-third (1/3) interest, **LEO R. WIERTEL,** an undivided one-third (1/3) interest, and **FRANCIS M. WIERTEL,** an undivided one-third (1/3) interest, as tenants in common, all of the City of Erie, County of Erie and State of Pennsylvania, collectively the Grantee.

**WITNESSETH,**      That the Grantor, for and in consideration of the sum of **ONE and NO/100ths------($1.00)-------Dollars,** lawful money of the United States, to her in hand paid by the Grantee, at and before the ensealing and delivery of these presents, the receipt and payment whereof is hereby acknowledged, has granted, bargained, sold, released and confirmed, and by these presents does grant, bargain, sell, release and confirm unto the Grantee, and to their heirs, legal representatives, executors, administrators, and assigns, **ALL** that certain piece or parcel of land situate in the City of Erie, County of Erie and State of Pennsylvania, bounded and described as follows, to-wit:

BEGINNING at a point in the north line of Thirteenth Street at the distance of one hundred seventy-two and one-half (172-1/2) feet eastwardly from the point of intersection of said north line of Thirteenth Street with the east line of Reed Street;  thence northwardly parallel with Reed Street, one hundred five (105) feet to an alley;  thence eastwardly along said alley and parallel with Thirteenth Street, thirty-five (35) feet;  thence southwardly parallel with Reed Street, one hundred five (105) feet to the said north line of Thirteenth Street;  and thence westwardly along the north line of Thirteenth Street, thirty-five (35) feet to the place of beginning.  Being part of Out Lot No. 532 and having erected thereon a two-story frame dwelling commonly known as 722 East 13th Street, Erie, Pennsylvania, bearing Erie County Index No. (15) 2036-325.

Being the same premises conveyed to Leo Stanley Wiertel and Genevieve H. Wiertel, husband and wife, by deed dated and recorded November 27, 1954 in the Office of the Recorder of Deeds of Erie County, Pennsylvania at Deed Book 689 at Page 456.  Leo Stanley Wiertel died on November 6, 1990, thereby vesting sole ownership of the premises in his surviving spouse, Genevieve H. Wiertel.

BK1121 PG0709

This is a transfer from mother to children and is, therefore, exempt from Realty Transfer Taxes.

The Grantor herein has no actual knowledge of any hazardous waste as defined in Act No. 1980-97 of the Commonwealth of Pennsylvania having been, or which is presently being disposed of, on or about the premises.

**TOGETHER** with all and singular the rights, liberties, privileges, hereditaments, improvements, and appurtenances, whatsoever thereto belonging, and the reversions and remainders, rents, issues and profits thereof; and also, all the estate and interest whatsoever of the Grantor, in law or equity, of, in, to or out of the same;

**TO HAVE AND TO HOLD** the same, together with the premises hereby granted, or intended so to be, unto the Grantee, their heirs, legal representatives, executors, administrators, and assigns, to the use of the Grantee, their heirs, legal representatives, executors, administrators, and assigns, forever. And the Grantor, her heirs, legal representatives, executors, administrators, and assigns, does hereby covenant and agree to and with the Grantee their heirs, legal representatives, executors, administrators, and assigns, that the Grantor, her heirs, legal representatives, executors, administrators, and assigns, all the above, together with the above described premises, unto the Grantee, their heirs, legal representatives, executors, administrators, and assigns, against the Grantor and her heirs, legal representatives, executors, administrators, and assigns, and against all and every other person or persons whomsoever lawfully claiming or to claim the same or any part thereof shall and will GENERALLY WARRANT and forever DEFEND by these presents.

**IN WITNESS WHEREOF,** the Grantor has hereunto set her hand and seal the day and year first above written.

SIGNED, SEALED and DELIVERED
   in the presence of


_____          _Genevieve H. Wiertel_ (SEAL)
                                          Genevieve H. Wiertel

STATE OF PENNSYLVANIA

COUNTY OF ERIE

SS.

On this, the 31 day of March, 2004, before me, a Notary Public, the undersigned officer, personally appeared Genevieve H. Wiertel, an unremarried widow, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

NOTARIAL SEAL
MONICE J. URBANIAK, NOTARY PUBLIC
CITY OF ERIE, ERIE COUNTY
MY COMMISSION EXPIRES MAY 28, 2007

## CERTIFICATE OF RESIDENCE

I hereby certify that the residence of the within named Grantee is:

722 East 13th Street, Erie, PA  16503

_____
Brian Glowacki, Esquire

Case 16-10685-TPA    Doc 1    Filed 07/18/16    Entered 07/18/16 14:31:50    Desc Main
Document          Page 46 of 135



# NADAguides Price Report

5/25/2016

# 2012 Jeep Wrangler-V6

Utility 2D Sport 4WD

# Values

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| **Base Price** | $15,750 | $17,100 | $18,200 | $20,900 |
| **Mileage (70,000)** | -$400 | -$400 | -$400 | -$400 |
| **Total Base Price** | $15,350 | $16,700 | $17,800 | $20,500 |
| **Options:** | | | | |
| Leather Seats | $550 | $550 | $550 | $625 |
| Hard Top | $750 | $750 | $750 | $850 |
| **Price with Options** | $16,650 | $18,000 | $19,100 | $21,975 |

**Rough Trade-In -** Rough Trade-In values reflect a vehicle in rough condition. Meaning a vehicle with significant mechanical defects requiring repairs in order to restore reasonable running condition. Paint, body and wheel surfaces have considerable damage to their finish, which may include dull or faded (oxidized) paint, small to medium size dents, frame damage, rust or obvious signs of previous repairs. Interior reflects above average wear with inoperable equipment, damaged or missing trim and heavily soiled /permanent imperfections on the headliner, carpet, and upholstery. Vehicle may have a branded title and un-true mileage. Vehicle will need substantial reconditioning and repair to be made ready for resale. Some existing issues may be difficult to restore. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition.

**Average Trade-In -** The Average Trade-In values on nadaguides.com are meant to reflect a vehicle in average condition. A vehicle that is mechanically sound but may require some repairs/servicing to pass all necessary inspections; Paint, body and wheel surfaces have moderate imperfections and an average finish and shine which can be improved with restorative repair; Interior reflects some soiling and wear in relation to vehicle age, with all equipment operable or requiring minimal effort to make operable; Clean title history; Vehicle will need a fair degree of reconditioning to be made ready for resale. Because individual vehicle condition varies greatly, users of nadaguides.com may need to make independent adjustments for actual vehicle condition.

**Clean Trade-In -** Clean Trade-In values reflect a vehicle in clean condition. This means a vehicle with no mechanical defects and passes all necessary inspections with ease. Paint, body and wheels have minor surface scratching with a high gloss finish and shine. Interior reflects minimal soiling and wear with all equipment in complete working order. Vehicle has a clean title history. Vehicle will need minimal reconditioning to be made ready for resale. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition.

**Clean Retail -** Clean Retail values reflect a vehicle in clean condition. This means a vehicle with no mechanical defects and passes all necessary inspections with ease. Paint, body and wheels have minor surface scratching with a high gloss finish and shine. Interior reflects minimal soiling and wear with all equipment in complete working order. Vehicle has a clean title history. Because individual vehicle condition varies greatly, users of NADAguides.com may need to make independent adjustments for actual vehicle condition. Note: Vehicles with low mileage that are in exceptionally good condition and/or include a manufacturer certification can be worth a significantly higher value than the Clean Retail price shown.

© Copyright 2016 National Appraisal Guides, Inc., all rights reserved. National Appraisal Guides, Inc. is a strategic ally of J.D. Power and Associates. © J.D. Power and Associates 2016, all rights reserved.

Debtor: _____

Bankruptcy No. _____

**Inventory of Household Goods**

<u>Living Room</u>

| Description of Property | Value of Each Item | | | | | Total Value |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| Couch(es)   x 2 | 600 | 800 | | | | $ 1400.00 |
| Love Seat(s) | | | | | | |
| Chair   Recliner | 500 | | | | | 500.00 |
| Coffee Table(s) | 100 | | | | | 100.00 |
| End Tables(s) | 100 | | | | | 100.00 |
| Lamp(s) | 60 | | | | | 60.00 |
| Bookcase(s) | | | | | | |
| Desk(s) | | | | | | |
| TV(s) | 800 | | | | | 500.00 |
| Stereo(s) | 100 | | | | | 100.00 |
| VCR/DVD Player(s) | 100 | | | | | 100.00 |
| Other: | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**Dining Room:**

| Description of Property | Value of Each Item | | | | | Total Value |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| Table(s) | 200⁰⁰ | | | | | 300.00 |
| Chair(s)          6 | 300 | | | | | 300.00 |
| Cabinet(s) | 100⁰⁰ | | | | | 100.00 |
| Lamp(s) | | | | | | |
| Hutch(es) | | | | | | |
| China   Stoneware / glasses | 400⁰⁰ | | | | | 400.00 |
| Silverware | 50⁰⁰ | | | | | 50.00 |
| Other: | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |



**Kitchen:**

| Description of Property | Value of Each Item | | | | | Total Value |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| Table(s) | 50.00 | | | | | 50.00 |
| Chair(s) | | | | | | |
| Stove(s)  Built In | 100.00 | | | | | 150.00 |
| Microwave(s) | 50.00 | | | | | 50.00 |
| Refrigerator(s) | 100.00 | | | | | 100.00 |
| Dishwasher(s) | 75.00 | | | | | 75.00 |
| Dishes | 30.00 | | | | | 30.00 |
| Silverware | 30.00 | | | | | 30.00 |
| Cookware | 150.00 | | | | | 150.00 |
| Other:  Mixer | 100.00 | | | | | 100.00 |
| Blender / Juicer | 200.00 | | | | | 200.00 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |



**Bedroom #1:**

| Description of Property | Value of Each Item | | | | | Total Value |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| Bed(s) King bed | ⁰ 1000.⁰⁰ | | | | | 1000.00 |
| Chair(s) | | | | | | |
| Dresser(s) + Night Stand + Tall Mirror | $100⁰⁰ | 350⁰⁰ | | | | 450.00 |
| Chest(s) of Drawers | 350⁰⁰ | | | | | 350.00 |
| Desk(s) | | | | | | |
| Mirror(s) | | | | | | |
| Lamp(s) | 300⁰⁰ | | | | | $300.00 |
| Vanity(s) | | | | | | |
| TV(s) | | | | | | |
| Stereo(s) | | | | | | |
| VCR/DVD Player(s) | | | | | | |
| Computer(s) Lamp top | 300⁰⁰ | | | | | 350.00 |
| Other: | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |



**Bedroom #2:**

| Description of Property | Value of Each Item | | | | | Total Value |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| Bed(s) Water Bed Queen x 1 | 500.⁰⁰ | | | | | $500.⁰⁰ |
| Chair(s) | | | | | | |
| Dresser(s) | | | | | | |
| Chest(s) of Drawers | | | | | | |
| Desk(s) | | | | | | |
| Mirror(s) | | | | | | |
| Lamp(s) | | | | | | |
| Vanity(s) | | | | | | |
| TV(s) | | | | | | |
| Stereo(s) | | | | | | |
| VCR/DVD Player(s) | | | | | | |
| Computer(s) | | | | | | |
| Other: | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |



**Bedroom #3:**

| Description of Property | Value of Each Item | | | | | Total Value |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| Bed(s) Day beds x 2 | 250.00 | 250.00 | | | | $ 500.00 |
| Chair(s) | | | | | | |
| Dresser(s) | | | | | | |
| Chest(s) of Drawers | | | | | | |
| Desk(s) | | | | | | |
| Mirror(s) | | | | | | |
| Lamp(s) | | | | | | |
| Vanity(s) | | | | | | |
| TV(s) | | | | | | |
| Stereo(s) | | | | | | |
| VCR/DVD Player(s) | | | | | | |
| Computer(s) | | | | | | |
| Other: | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |



**Basement/Utility Room:**

| Description of Property | Value of Each Item | | | | | Total Value |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| Washer(s) | 500.00 | | | | | 500.00 |
| Dryer(s) | 500.00 | | | | | 500.00 |
| Deep Freezer(s) | 150.00 | | | | | 150.00 |
| Game Table(s) | 50.00 | | | | | 50.00 |
| Sewing Machine(s) | 800.00 | | | | | 800.00 |
| Vacuum Cleaner(s) | 50.00 | | | | | 50.00 |
| Air Conditioner(s) | 160.00 | | | | | 160.00 |
| Other: | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |



**Garage/Work Shop/Hobby Shop:**

| Description of Property | Value of Each Item | | | | | Total Value |
|---|---|---|---|---|---|---|
| | 1 | 2 | 3 | 4 | 5 | |
| Power Tool: (Describe) *Arm Saw,* *Miter Saw, Table Saw* | *1200.00* | | | | | *12,00.00* |
| *Power Drills* | *500.00* | | | | | *500.00* |
| Miscellaneous Hand Tools | | | | | | *2000.00* |
| Cabinet(s) | *150.00* | | | | | *150.00* |
| Law Mower(s) | | | | | | |
| Fishing Equipment: (Describe) *Rods / Reels / Tackle* | *400.00* | | | | | *400.00* |
| Hunting Equipment: (Describe) *Clothing* | *300.00* | | | | | *300.00* |
| *Compound Bow* | *400.00* | | | | | *400.00* |
| Camera(s) | | | | | | |
| Video Recorder | | | | | | |
| Exercise Equipment (Describe) *Bow Flex* | *400.00* | | | | | *400.00* |
| | | | | | | |

GRAND TOTAL: *$ 26,875.00*

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Steven Edward Gorniak* |
| | First Name          Middle Name          Last Name |
| Debtor 2 | *Ann Marie Gorniak* |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | _____ |

☐ Check if this is an
    amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                               4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim.** One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:      Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ■ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| *11263 Phillipsville Colt Station Road Wattsburg, PA 16442  Erie County*<br>Line from *Schedule A/B:* **1.1** | $475,000.00 | ■         $47,350.00<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(1)* |
| *2012 Jeep Wrangler 70,000 miles*<br>Line from *Schedule A/B:* **3.1** | $18,000.00 | ■         $229.48<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(2)* |
| *Household Goods and Furnishings*<br>Line from *Schedule A/B:* **6.1** | $8,545.00 | ■         $8,545.00<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| *Electronics*<br>Line from *Schedule A/B:* **7.1** | $800.00 | ■         $800.00<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| *Fishing Equipment; Hunting Clothing; Compound Bow; and Bow Flex*<br>Line from *Schedule A/B:* **9.1** | $750.00 | ■         $750.00<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                   Best Case Bankruptcy

| Debtor 1 | **Steven Edward Gorniak** | |
|---|---|---|
| Debtor 2 | **Ann Marie Gorniak** | |
| | | Case number *(if known)* |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Usual and Ordinary Wearing Apparel**<br>Line from *Schedule A/B*: **11.1** | *$600.00* | ■          *$600.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| **Jewelry**<br>Line from *Schedule A/B*: **12.1** | *$500.00* | ■          *$500.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(4)* |
| **2 Dogs; 1 Cat**<br>Line from *Schedule A/B*: **13.1** | *$3.00* | ■          *$3.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(3)* |
| **Cash**<br>Line from *Schedule A/B*: **16.1** | *$50.00* | ■          *$50.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| **Checking: Checking Account @ Northwest Savings Bank (Balance as of May 18, 2016**<br>Line from *Schedule A/B*: **17.1** | *$869.88* | ■          *$1,700.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(5)* |
| **403(b): 403(b) through employment @ St. Vincent Hospital**<br>Line from *Schedule A/B*: **21.1** | *$9,831.25* | ■          *$9,831.25*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(12)* |
| **401(k): 401(k) through employment @ St. Vincent Hospital**<br>Line from *Schedule A/B*: **21.2** | *$24,946.68* | ■          *$24,946.68*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(12)* |
| **Term Life Insurance Policy @ State Farm in the face amount of $500,000.00 with no cash surrender value**<br>**Beneficiary: Steven E. Gorniak**<br>Line from *Schedule A/B*: **31.1** | *$1.00* | ■          *$1.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(7)* |
| **Term Life Insurance Policy through employment @ St. Vincent Hospital in the face amount of $100,000.00 with no cash surrender value**<br>**Beneficiary: Steven E. Gorniak**<br>Line from *Schedule A/B*: **31.2** | *$1.00* | ■          *$1.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(7)* |
| **Term Life Insurance Policy through Lincoln Financial Group in the face amount of $200,000.00 with no cash surrender value**<br>**Beneficiary: Ann Marie Gorniak**<br>Line from *Schedule A/B*: **31.3** | *$1.00* | ■          *$1.00*<br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(7)* |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor 1    *Steven Edward Gorniak*
Debtor 2    *Ann Marie Gorniak*

_____    Case number (if known) _____

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Term Life Insurance Policy through American General in the face amount of $100,000.00 with no cash surrender value**<br>**Beneficiary: Ann Marie Gorniak**<br>Line from *Schedule A/B*: **31.4** | *$1.00* | ■ *$1.00*<br><br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(7)* |
| **Social Security Disability (in pay status - $1,167.00 per month)**<br>Line from *Schedule A/B*: **35.1** | *$1.00* | ■ *$1.00*<br><br>☐ 100% of fair market value, up to any applicable statutory limit | *11 U.S.C. § 522(d)(10)(A)* |

3. **Are you claiming a homestead exemption of more than $160,375?**
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☐ Yes

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Steven Edward Gorniak* |
| | First Name    Middle Name    Last Name |
| Debtor 2 | *Ann Marie Gorniak* |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below.

**Part 1:   List All Secured Claims**

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| **2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.  If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name. | | **Amount of claim** Do not deduct the value of collateral. | **Value of collateral that supports this claim** | **Unsecured portion** If any |

| 2.1 | *Ally Financial* | Describe the property that secures the claim: | $17,770.52 | $18,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

*2012 Jeep Wrangler 70,000 miles*

**P.O. Box 380902
Bloomington, MN
55438-0902**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred    *April, 2012*    Last 4 digits of account number    *1903*

| 2.2 | *CitiMortgage, Inc.* | Describe the property that secures the claim: | $318,360.00 | $475,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

*11263 Phillipsville Colt Station Road
Wattsburg, PA 16442; ARREARS
ARE LISTED AT $19,351.00 ON
CREDIT REPORT*

**P.O. Box 6243
Sioux Falls, SD
57117-6243**

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☑ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Date debt was incurred    _____    Last 4 digits of account number    *0096*

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor 1 | **Steven Edward Gorniak** | | | Case number (if know) | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |
| Debtor 2 | **Ann Marie Gorniak** | | | | |
| | First Name | Middle Name | Last Name | | |

---

| 2.3 | *CitiMortgage, Inc.* | | $7,303.00 | $475,000.00 | $0.00 |
|---|---|---|---|---|---|

Creditor's Name

**P.O. Box 6243**
**Sioux Falls, SD**
**57117-6243**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Date debt was incurred** _____

**Describe the property that secures the claim:**

**11263 Phillipsville Colt Station Road**
**Wattsburg, PA 16442  Erie County**

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Last 4 digits of account number** *7064*

---

| 2.4 | *Wyndham* | | $12,885.00 | $5,000.00 | $7,885.00 |
|---|---|---|---|---|---|

Creditor's Name

**P.O. Box 98940**
**Las Vegas, NV**
**89193-8940**

Number, Street, City, State & Zip Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim relates to a community debt**

**Date debt was incurred** *September, 2014*

**Describe the property that secures the claim:**

**Timeshare (Wyndham)**

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

**Last 4 digits of account number** *4140*

---

| Add the dollar value of your entries in Column A on this page. Write that number here: | $356,318.52 |
|---|---|
| If this is the last page of your form, add the dollar value totals from all pages. Write that number here: | $356,318.52 |

| **Part 2:** | **List Others to Be Notified for a Debt That You Already Listed** |
|---|---|

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

☐ Name, Number, Street, City, State & Zip Code

**CitiMortgage, Inc.**
**1000 Technology Drive**
**O'Fallon, MO 63368**

On which line in Part 1 did you enter the creditor?  *2.2*

Last 4 digits of account number ___

---

Debtor 1   **Steven Edward Gorniak**

    First Name            Middle Name          Last Name

Debtor 2   **Ann Marie Gorniak**

    First Name            Middle Name          Last Name

Case number (if know) _____

---

Name, Number, Street, City, State & Zip Code

**Mortgage Electronic Registration
Systems, Inc.
P.O. Box 2026
Flint, MI 48501-2026**

On which line in Part 1 did you enter the creditor?  __**2.2**__

Last 4 digits of account number ___

---

Name, Number, Street, City, State & Zip Code

**Mortgage Electronic Registration
Systems, Inc.
P.O. Box 2026
Flint, MI 48501-2026**

On which line in Part 1 did you enter the creditor?  __**2.3**__

Last 4 digits of account number ___

---

Name, Number, Street, City, State & Zip Code

**Phelan Hallinan Diamond & Jones LLP
One Penn Center @ Suburban Station
Suite 1400
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103-1814**

On which line in Part 1 did you enter the creditor?  __**2.2**__

Last 4 digits of account number ___

---

Name, Number, Street, City, State & Zip Code

**Philly Sub-Searches
150 Woodlawn Avenue
Upper Darby, PA 19082**

On which line in Part 1 did you enter the creditor?  __**2.2**__

Last 4 digits of account number ___

---

Name, Number, Street, City, State & Zip Code

**Taylor, Bean, & Whittaker Corp.
1417 North Magnolia Avenue
Ocala, FL 33475**

On which line in Part 1 did you enter the creditor?  __**2.2**__

Last 4 digits of account number ___

---

Name, Number, Street, City, State & Zip Code

**Taylor, Bean, & Whittaker Corp.
1417 North Magnolia Avenue
Ocala, FL 33475**

On which line in Part 1 did you enter the creditor?  __**2.3**__

Last 4 digits of account number ___

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

BK1207 PG0626

**Philly Sub Searches, Inc**
**150 Woodlawn Ave**
**Upper Darby, PA 19082**

2005 JAN 28 A 10:41

RECORDER OF DEEDS
ERIE COUNTY, PA.

003088

———————————— [Space Above This Line For Recording Data] ————————————

# MORTGAGE

**MIN: 100029500006555324**

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** "**Security Instrument**" means this document, which is dated **January 19, 2005**        , together with all Riders to this document.

**(B)** "**Borrower**" is **STEVEN E. GORNIAK and ANN MARIE GORNIAK, Husband and Wife**

Borrower is the mortgagor under this Security Instrument.

**(C)** "**MERS**" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(D)** "**Lender**" is **Taylor, Bean & Whitaker Mortgage Corp.**
Lender is **a Florida Corporation**                                         organized and existing under
the laws of **Florida**                                                      . Lender's address is
**1417 North Magnolia Ave, Ocala, FL 34475**

*Venango*

**(E)** "**Note**" means the promissory note signed by Borrower and dated **January 19, 2005**        . The Note
states that Borrower owes Lender **Three Hundred Forty Four Thousand and no/100**
Dollars (U.S. $ **344,000.00**                        )
plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **February 01, 2035**        .

**(F)** "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."

**(G)** "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

PENNSYLVANIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3039 1/01
ITEM T2760L1 (0011)—MERS                *(Page 1 of 16 pages)*          GREATLAND ■
                                                                To Order Call: 1-800-530-9393  Fax: 616-791-1131

# *024096655532*

*024096655532*



BK1207 PG0627

FTPA-63

## *First American Title Insurance Company*

Commitment No.:  0411-1260

### SCHEDULE C

SITUATE in the Township of Venango, County of Erie and State of Pennsylvania, bounded and described as follows, to-wit:

BEGINNING at a stake in the eastern, line of Colt Station-Phillipeville Road, located 770 feet northerly from the northern line of Jones Road, when measured along the easterly line of the Colt Station-Phillipeville Road; THENCE north 38 degrees 07' east, along the eastern line of the Coilt Station-Phillipeville Road, a distance of 554.36 feet to a stake; THENCE south 39 degrees 06' 06" east, a distance of 1,470.04 feet to a stake; THENCE south 38 degrees 07' West, a distance of 554.36 feet to a stake set in the south line of Tract  96; THENCE north 55 degrees 06' 06" west, a distance of 1,470.04 feet to the PLACE OF BEGINNING, containing 18.69 acres, and being Lot No. 4 on the Ma of REJN Development, Inc, recorded in the office of the Recorder of Deeds of  Erie County, Pennsylvania, in Map Book 13, Page 136.

Parcel #:  44-10-23-4.03

AND

SITUATE in the Township of Venango, County of Erie and Statae of Pennsylvania, and being Lots Nos. 1 and 2 of REJN SUBDIVISION NO 1, Revised by Terry Alan Darnofall, Surveyor, and which subdivision is recorded in Erie County Map Book 13 at page 136, and recorded in Erie County Map Book 21 at page 28.

Parcel #'s:  44-10-23-4.02
44-10-23-4.01

PA-3                                                                                          (0411-1260.PFD/0411-1260/37)

BK1207 PG0628

(H) "**Riders**" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☐ Planned Unit Development Rider | ☐ Other(s) [specify] |
| ☐ 1-4 Family Rider | ☐ Biweekly Payment Rider | |

(I) "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "**Escrow Items**" means those items that are described in Section 3.

(M) "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "**RESPA**" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a

BK1207 PG0629

"federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q)  "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the **County**
[Type of Recording Jurisdiction]

of **Erie**                              :
[Name of Recording Jurisdiction]

**SEE ATTACHED LEGAL**

which currently has the address of **11263 Colt Station Road**
[Street]

**Wattsburg**                  , Pennsylvania   **16442**      ("Property Address"):
[City]                                          [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

PENNSYLVANIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3039 1/01
                                                                              GREATLAND ■
ITEM T2760L3 (0011)—MERS          *(Page 3 of 16 pages)*        To Order Call: 1-800-530-0393  Fax: 616-791-1131

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more

BKI207 PG0631

Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3.   Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to

BK1207 PG0632

Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4.    **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5.    **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

PENNSYLVANIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                    Form 3039 1/01

ITEM T2760L6 (0011)—MERS                    *(Page 6 of 16 pages)*                    GREATLAND ■
To Order Call: 1-800-530-9393    Fax: 616-791-1131

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has b een c ompleted to Lender's s atisfaction, provided t hat s uch i nspection s hall b e u ndertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.   **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7.   **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is

PENNSYLVANIA---Single Family---Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                Form 3039 1/01
GREATLAND ■
ITEM T2760L7 (0011)—MERS                (Page 7 of 16 pages)            To Order Call: 1-800-530-9393   Fax: 616-791-1131

completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8.   **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9.   **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10.   **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable,

PENNSYLVANIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT            Form 3039 1/01

GREATLAND ■
ITEM T2760L8 (0011)—MERS              *(Page 8 of 16 pages)*              To Order Call: 1-800-530-9393  Fax: 616-791-1131

BK1207 PG0635

notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has—if any—with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the

BK1207 PG0636

excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

PENNSYLVANIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                     Form 3039 1/01
                                                                                                                         GREATLAND ■
ITEM T2760L10 (0011)—MERS                         *(Page 10 of 16 pages)*                 To Order Call: 1-800-530-9393  Fax: 616-791-1131

BK1207 PG0637

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted l imits, t hen: ( a) a ny s uch l oan c harge s hall b e reduced b y the amount n ecessary t o r educe t he charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in c onnection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower h as d esignated a substitute n otice a ddress b y n otice to L ender. B orrower shall p romptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed b y f ederal law a nd t he law of the j urisdiction in w hich the P roperty is l ocated. A ll r ights and obligations contained in this Security Instrument are subject to any requirements and limitations of

Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing

BK1207 PG0639

obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21.  **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.

**23. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Waivers.** Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**25. Reinstatement Period.** Borrower's time to reinstate provided in Section 19 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

**26. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**27. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

PENNSYLVANIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3039 1/01
GREATLAND ■
ITEM T2760L14 (0011)—MERS        *(Page 14 of 16 pages)*        To Order Call: 1-800-530-9393   Fax: 616-791-1131

BK1207 PG0641

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 16 of this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
**ANN MARIE GORNIAK**                     -Borrower

_____ (Seal)
**STEVEN E. GORNIAK**                     -Borrower

_____ (Seal)
                                         -Borrower

_____ (Seal)
                                         -Borrower

_____ (Seal)
                                         -Borrower

_____ (Seal)
                                         -Borrower

Witness:                                 Witness:

PENNSYLVANIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3039 1/01

ITEM T2760L15 (0011)—MERS          *(Page 15 of 16 pages)*          To Order Call: 1-800-530-9393  Fax: 616-791-1131

GREATLAND ■

BK1207 PG0642

State of **Pennsylvania**
County of **Erie**

On this the _19th_ day of _January_ _2005_ , before me, _Charlene J._
_NAPIERKOWSKI_                the undersigned officer, personally appeared **ANN MARIE GORNIAK,**
**STEVEN E. GORNIAK**

known to me (or satisfactorily proved) to be the person(s) whose name(s) _ARE_
subscribed to the within instrument and acknowledged that _they_      executed the same for the purposes
therein contained.

    IN WITNESS WHEREOF, I hereunto set my hand and official seal.

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | _Charlene J. Napierkowski_ |
| Notarial Seal | |
| Charlene J. Napierkowski, Notary Public | _Charlene J. NAPIERKOWSKI_ |
| Millcreek Twp., Erie County | NOTARY PUBLIC   Title of Officer |
| My Commission Expires Dec. 31, 2008 | |
| Member, Pennsylvania Association Of Notaries | |

My commission expires: _12-31-08_

After Recording Return To:

**OPTIMAL FINANCIAL SERVICES**
**4146 LIBRARY ROAD,, STE 6, STE 6**
**PITTSBURGH          , PA          15234**

CERTIFICATE OF RESIDENCE    I, ~~Amanda Colf~~ _ANNETTE Robinson_
do hereby certify that the correct address of the within named lender is **1417 North Magnolia Ave, Ocala,**
**FL 34475**

Witness my hand this _19th_ day of _January 2005_

                                            _Annette Robinson_
                                            ~~Amanda Colf~~                    Agent of Lender

PENNSYLVANIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3039 1/01

ITEM T2760L16 (0011)—MERS              *(Page 16 of 16 pages)*          To Order Call 1-800-530-9393    GREATLAND ■
Fax: 616-791-1131

BK I 2 O 7 PG O 6 4 3

Philly Sub Searches, Inc
150 Woodlawn Ave
Upper Darby, PA 19082

2005 JAN 28 A 10: 42

RECORDER OF DEEDS
ERIE COUNTY, PA.

003089

[Space Above This Line For Recording Data]

100029500006975498

# MORTGAGE
## (Secondary Lien)

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19, and 20. Certain rules regarding the usage of words used in this document are also provided in Section 15.

(A)  "**Security Instrument**" means this document, which is dated **January 19, 2005**
together with all Riders to this document.

(B)  "**Borrower**" is **STEVEN E. GORNIAK and ANN MARIE GORNIAK, Husband and Wife**

Borrower is the mortgagor under this Security Instrument.

(C)  "**Lender**" is **Taylor, Bean & Whitaker Mortgage Corp.**
Lender is a **Florida Corporation**                                    organized
and existing under the laws of **Florida**                    . Lender's address is
**1417 North Magnolia Ave, Ocala, FL  34475**

. Lender is the mortgagee under this Security Instrument.

(D)  "**Note**" means the promissory note signed by Borrower and dated **January 19, 2005**
The Note states that Borrower owes Lender **Twenty One Thousand Five Hundred and no/100**
Dollars (U.S. $**21,500.00**           ) plus interest.
Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than
**February 01, 2020**

(E)  "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."

(F)  "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, if allowed under Applicable Law, and all sums due under this Security Instrument, plus interest.

PENNSYLVANIA—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC. ©
ITEM T4863L1 (0304)                    (Page 1 of 14 pages)

GREATLAND ■
To Order Call: 1-800-530-9393  I Fax: 616-791-1131

**\*024196697549\***
\*024196697549\*

BK1207 PG0644

(G) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| ____ Adjustable Rate Rider | ____ Condominium Rider | ____ Second Home Rider |
| ____ Balloon Rider | ____ Planned Unit Development Rider | ____ Biweekly Payment Rider |
| ____ Home Improvement Rider | ____ Revocable Trust Rider | |
| ____ Other(s) [specify] | | |

(H) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(I) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(J) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(K) **"Escrow Items"** means those items that are described in Section 3.

(L) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(M) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(N) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(O) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 *et seq.*) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this

BK1207 PG0657

FTPA-63

## *First American Title Insurance Company*

Commitment No.:  0411-1260

### SCHEDULE C

SITUATE in the Township of Venango, County of Erie and State of Pennsylvania, bounded and described as follows, to-wit:

BEGINNING at a stake in the eastern, line of Colt Station-Phillipeville Road, located 770 feet northerly from the northern line of Jones Road, when measured along the easterly line of the Colt Station-Phillipeville Road; THENCE north 38 degrees 07' east, along the eastern line of the Coilt Station-Phillipeville Road, a distance of 554.36 feet to a stake; THENCE south 39 degrees 06' 06" east, a distance of 1,470.04 feet to a stake; THENCE south 38 degrees 07' West, a distance of 554.36 feet to a stake set in the south line of Tract  96; THENCE north 55 degrees 06' 06" west, a distance of 1,470.04 feet to the PLACE OF BEGINNING, containing 18.69 acres, and being Lot No. 4 on the Ma of REJN Development, Inc, recorded in the office of the Recorder of Deeds of Erie County, Pennsylvania, in Map Book 13, Page 136.

Parcel #:  44-10-23-4.03

AND

SITUATE in the Township of Venango, County of Erie and Statae of Pennsylvania, and being Lots Nos. 1 and 2 of REJN SUBDIVISION NO 1, Revised by Terry Alan Darnofall, Surveyor, and which subdivision is recorded in Erie County Map Book 13 at page 136, and recorded in Erie County Map Book 21 at page 28.

Parcel #'s:  44-10-23-4.02
44-10-23-4.01

PA-3                                                                                    (0411-1260.PFD/0411-1260/37)

BK1207 PG0645

Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(P)  "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

**TRANSFER OF RIGHTS IN THE PROPERTY**

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the **County**
[Type of Recording Jurisdiction]

of                              **Erie**                         :
[Name of Recording Jurisdiction]

Tax Parcel ID No.: **441023401**
**SEE ATTACHED LEGAL**

which currently has the address of               **11263 Colt Station Road**
[Street]

**Wattsburg**          , Pennsylvania          **16442**               ("Property Address"):
[City]                                        [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

PENNSYLVANIA—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC. ©                                                              GREATLAND ■
ITEM T4663L3 (0304)                    *(Page 3 of 14 pages)*          To Order Call: 1-800-630-9393   I Fax: 616-791-1131

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest and Other Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and if allowable under Applicable Law, any prepayment charges and late charges due under the Note. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

**2. Application of Payments or Proceeds.** Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 14 or in such manner or location as required under Applicable Law. Except as otherwise described in this Section 2, and as permitted under Applicable Law, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. To the extent permitted by Applicable Law, voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Subject to Applicable Law, Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall

BK1207 PG0647

furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 8. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 8 and pay such amount and Borrower shall then be obligated under Section 8 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 14 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender. If under Section 21 the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Security Instrument.

4.   **Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust, or other security agreement with a lien which has priority over this Security Instrument. Borrower shall pay when due, all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien other than a lien disclosed to Lender in Borrower's application or in any title report Lender obtained which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement

BKl207 PG0648

of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan if allowed under Applicable Law.

**5.    Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5, shall be added to the unpaid balance of the loan and interest shall accrue at the Note rate, from the time it was added to the unpaid balance until it is paid in full.

Subject to Applicable Law, all insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or

PENNSYLVANIA—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC. ©
ITEM T4863L6 (0304)                    *(Page 6 of 14 pages)*                    GREATLAND ■
To Order Call: 1-800-5304393   I Fax 616-791-1131

earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 21 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6.    **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

7.    **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

8.    **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which has or may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has or may attain priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees

PENNSYLVANIA—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC. ©                                                          GREATLAND ■
ITEM T4863L7 (0304)              *(Page 7 of 14 pages)*          To Order Call: 1-800-530-9393  I Fax: 616-791-1131

BK1207 PG0650

to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 8, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 8.

Any amounts disbursed by Lender under this Section 8 shall become additional debt of Borrower secured by this Security Instrument if allowed under Applicable Law. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

9.    **Mortgage Insurance.** Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect.

10.    **Assignment of Miscellaneous Proceeds; Forfeiture.** The Miscellaneous Proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Security Instrument.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 18, by causing the action or proceeding to be

PENNSYLVANIA—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC. ©                                                                                                    GREATLAND ■
ITEM T4663L8 (0304)                        *(Page 8 of 14 pages)*                        To Order Call: 1-800-530-9393  I Fax: 616-791-1131

dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 17, any Successor in Interest of Borrower who assume Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 19) and benefit the successors and assigns of Lender.

**13. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, as allowed under Applicable Law. The absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**14. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice

PENNSYLVANIA—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC. ©
ITEM T4663L9 (0304)                                    *(Page 9 of 14 pages)*

GREATLAND ■
To Order Call: 1-800-530-9393   I Fax: 616-791-1131

address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**15. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**16. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 17, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, as allowed under Applicable Law; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's

BK1207 PG0653

obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 17.

**19. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, if required under Applicable Law, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 14) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this section. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 21 and the notice of acceleration given to Borrower pursuant to Section 17 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 19.

**20. Hazardous Substances.** As used in this Section 20: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous

BK1207 PG0654

Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

21.  **Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 17 unless Applicable Law provides otherwise). Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 21, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.**

22.  **Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

23.  **Waivers.** Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

24.  **Reinstatement Period.** Borrower's time to reinstate provided in Section 18 shall extend to one hour prior to the commencement of bidding at a sheriff's sale or other sale pursuant to this Security Instrument.

25.  **Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

26.  **Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

PENNSYLVANIA—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC. ©
ITEM T4663L12 (0304)        *(Page 12 of 14 pages)*        GREATLAND ■
To Order Call: 1-800-530-9393  I Fax: 616-791-1131

BK1207 PG0655

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 14 of this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)          _____ (Seal)
ANN MARIE GORNIAK              -Borrower          STEVEN E. GORNIAK              -Borrower

_____ (Seal)          _____ (Seal)
                               -Borrower                                        -Borrower

                               (Seal)                                           (Seal)
                               -Borrower                                        -Borrower

Witness:                                         Witness:

PENNSYLVANIA—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC. ©
ITEM T4663L13 (0304)          *(Page 13 of 14 pages)*          GREATLAND ■
To Order Call: 1-800-530-9393  I Fax: 616-791-1131

BK1207 PG0656

State of **Pennsylvania**
County of **Erie**

On this the 19ᵗʰ day of JANUARY 2005 , before me, Charlene J. Napierkowski the undersigned officer, personally appeared **ANN MARIE GORNIAK**, **STEVEN E. GORNIAK**

known to me (or satisfactorily proved) to be the person(s) whose name(s) ARE subscribed to the within instrument and acknowledged that They executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Charlene J. Napierkowski, Notary Public
Millcreek Twp., Erie County
My Commission Expires Dec. 31, 2008
Member, Pennsylvania Association Of Notaries

Charlene J. Napierkowski

Charlene J. Napierkowski
NOTARY PUBLIC   Title of Officer

My commission expires: 12-31-08

After Recording Return To:
**OPTIMAL FINANCIAL SERVICES**
**4146 LIBRARY ROAD,, STE 6, STE 6**
**PITTSBURGH         , PA        15234**

CERTIFICATE OF RESIDENCE   I, ~~Amanda Golf~~ ANNETTE ROBINSON
do hereby certify that the correct address of the within named lender is **1417 North Magnolia Ave, Ocala, FL 34475**

Witness my hand this 19th day of January 2005 .

Amanda Golf
ANNETTE ROBINSON                                    Agent of Lender

PENNSYLVANIA—Single Family—Secondary Lien
THE COMPLIANCE SOURCE, INC. ©
ITEM T4663L14(0304)                *(Page 14 of 14 pages)*

GREATLAND ■
To Order Call: 1-800-530-9393   I Fax 616-791-1131

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS that **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** **a Delaware corporation,** hereinafter **"Assignor"** the holder of the Mortgage hereinafter mentioned, for and in consideration of the sum of ONE DOLLAR ($1.00) lawful money unto it in hand paid by CitiMortgage Inc., "Assignee" at the time of execution hereof, sell, assign, transfer and set over unto the said Assignee, the receipt whereof is hereby acknowledged, does hereby grant, bargain, its successors and assigns, ALL THAT CERTAIN Indenture of Mortgage given and executed by **STEVEN E. GORNIAK & MARIE GORNIAK** to **Mortgage Electronic Registration Systems, Inc., as nominee for TAYLOR, BEAN & WHITAKER MORTGAGE CORP.,** bearing the date **JANUARY 19, 2005,** in the amount of $344,000.00, together with the Note and indebtedness therein mentioned, said Mortgage being recorded on **01/28/05** in the County of **ERIE,** Commonwealth of Pennsylvania, in BK:1207 PG:0626.

Being Known as Premises: **11263 COLT STATION ROAD WATTSBURG, PA 16442**
Parcel No: **44-10-23-4.02**

Also the Bond or Obligation in the said Indenture of Mortgage recited, and all Moneys, Principal and Interest, due and to grow due thereon, with the Warrant of Attorney to the said Obligation annexed. Together with all Rights, Remedies and incidents thereunto belonging. And all its Right, Title, Interest, Property, Claim and Demand, in and to the same:

TO HAVE, HOLD, RECEIVE AND TAKE, all and singular the hereditaments and premises hereby granted and assigned, or mentioned and intended so to be, with the appurtenances unto Assignee, its successors and assigns, to and for its only proper use, benefit and behoof forever; subject, nevertheless, to the equity of redemption of said Mortgagor in the said Indenture of Mortgage named, and his/her/their heirs and assigns therein.

IN WITNESS WHEREOF, the said **"Assignor"** has caused its Corporate Seal to be herein affixed and these presents to be duly executed by its proper officers this  12-28-10

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., a
Delaware corporation

By: Susan Wood

Susan Wood, Vice President

Sealed and Delivered

in the presence of us;

Attest: Custy Weebenbery

State of Missouri                    ss.
County of St. Charles:

On this  12-28-10 , before me, the subscriber, personally appeared Susan Wood, who acknowledged him/herself to be the Vice President of Mortgage Electronic Registration Systems, Inc., a Delaware Corporation, and that he/she, as such Vice President, being authorized to do so, executed the foregoing instrument for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

Michael T.
Notary Public

MICHAEL T. EVETT
Notary Public · Notary Seal
State of Missouri
St. Louis County
Commission # 10013044
My Commission Expires September 1, 2014

Stamp/Seal:

The precise address of the
within named Assignee is:
1000 Technology Drive,
O'Fallon, MO 63368-2240

After recording return to:
**PHELAN HALLINAN & SCHMIEG, L.L.P**
**One Penn Center**
**1617 J.F.K. Blvd., Ste.1400**
**Philadelphia, PA 19103-1814**

December 27, 2010
400960603

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Steven Edward Gorniak* |
| | First Name        Middle Name        Last Name |
| Debtor 2 | *Ann Marie Gorniak* |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | |

☐ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                   12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim.  Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**

   ☐ No. Go to Part 2.

   ☐ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.

   (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | | | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|---|
| **2.1** | *Internal Revenue Service* | Last 4 digits of account number _____ | *$1,300.00* | *$1,300.00* | *$0.00* |
| | Priority Creditor's Name | | | | |
| | *ATTN: Centralized Insolvency Operations* | When was the debt incurred?    *2013* | | | |
| | *P.O. Box 7346* | | | | |
| | *Philadelphia, PA 19101-7346* | | | | |
| | Number Street City State Zip Code | **As of the date you file, the claim is:** Check all that apply | | | |
| | **Who incurred the debt?** Check one. | | | | |
| | ☐ Debtor 1 only | ☐ Contingent | | | |
| | ☐ Debtor 2 only | ☐ Unliquidated | | | |
| | ■ Debtor 1 and Debtor 2 only | ☐ Disputed | | | |
| | ☐ At least one of the debtors and another | **Type of PRIORITY unsecured claim:** | | | |
| | ☐ **Check if this claim is for a community debt** | ☐ Domestic support obligations | | | |
| | **Is the claim subject to offset?** | ■ Taxes and certain other debts you owe the government | | | |
| | ■ No | ☐ Claims for death or personal injury while you were intoxicated | | | |
| | ☐ Yes | ☐ Other. Specify    *2013 Income Tax* | | | |

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3. **Do any creditors have nonpriority unsecured claims against you?**

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ■ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | Total claim |
|---|---|---|

Debtor 1  **Steven Edward Gorniak**
Debtor 2  **Ann Marie Gorniak**

Case number (if know) _____

---

| 4.1 | **Advanced Pain Management** | Last 4 digits of account number _____ | $387.02 |

Nonpriority Creditor's Name
**7000 Stonewood Drive**
**Wexford, PA 15090**
Number Street City State Zip Code

When was the debt incurred?    **2016**

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Medical Bill**

---

| 4.2 | **AES** | Last 4 digits of account number  **Various** | $2,889.00 |

Nonpriority Creditor's Name
**P.O. Box 61047**
**Harrisburg, PA 17106**
Number Street City State Zip Code

When was the debt incurred?    **2008 and 2009**

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
■ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify

**Parent Plus Student Loan**

---

| 4.3 | **Best Buy** | Last 4 digits of account number  **9675** | $1,247.00 |

Nonpriority Creditor's Name
**CitiCards**
**P.O. Box 6403**
**Sioux Falls, SD 57117-6403**
Number Street City State Zip Code

When was the debt incurred?    **9/6/2012**

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Credit Card Purchases**

---

Debtor 1   **Steven Edward Gorniak**

Debtor 2   **Ann Marie Gorniak**

Case number *(if know)* _____

| 4.4 | **Chase Card** | Last 4 digits of account number | **9947** | $2,158.00 |

Nonpriority Creditor's Name

**P.O. Box 15298**

**Wilmington, DE 19850**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

When was the debt incurred?   **11/11/2014**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Credit Card Purchases**

---

| 4.5 | **FFCC-Cleveland** | Last 4 digits of account number | **1648** | $65.00 |

Nonpriority Creditor's Name

**24700 Chagrin Blvd.**

**Suite 205**

**Cleveland, OH 44122-5662**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

When was the debt incurred?   **2011**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Medical Bill/Disease Metabolic/Credit Report**

---

| 4.6 | **FIA Card Services** | Last 4 digits of account number | | $34,043.86 |

Nonpriority Creditor's Name

**655 Paper Mill Road**

**Wilmington, DE 19984**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

When was the debt incurred?   **6/23/2016**

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Judgment**

---

Debtor 1  **Steven Edward Gorniak**

Debtor 2  **Ann Marie Gorniak**

Case number (if know) _____

| 4.7 | **Francis M. Wiertel** | Last 4 digits of account number _____ | $1.00 |
|---|---|---|---|

Nonpriority Creditor's Name

When was the debt incurred? _____

_____

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   *Co-Owner of 722 East 13th Street*

---

| 4.8 | **I.C. Systems, Inc.** | Last 4 digits of account number   8310 | $743.91 |
|---|---|---|---|

Nonpriority Creditor's Name

**P.O. Box 64378**

**St. Paul, MN 55164**

When was the debt incurred?   *2011*

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   *Medical Bill*

---

| 4.9 | **Macy's** | Last 4 digits of account number   4300 | $343.00 |
|---|---|---|---|

Nonpriority Creditor's Name

**P.O. Box 9001094**

**Louisville, KY 40290-1094**

When was the debt incurred?   *2000*

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   *Credit Card Purchases*

---

Debtor 1  **Steven Edward Gorniak**

Debtor 2  **Ann Marie Gorniak**

Case number (if know) _____

---

| 4.1 0 | **Millcreek Community Hospital** | Last 4 digits of account number | **7682** | **$445.25** |

Nonpriority Creditor's Name

**5539 Peach Street**
**Suite 1**
**Erie, PA 16509**

Number Street City State ZIp Code

When was the debt incurred?  **5/01/2016**

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Medical Bill**

---

| 4.1 1 | **Rotech** | Last 4 digits of account number | **6319** | **$671.96** |

Nonpriority Creditor's Name

**P.O. Box 510987**
**Livonia, MI 48151-6987**

Number Street City State ZIp Code

When was the debt incurred?  **6/23/2014**

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Medical Bill**

---

| 4.1 2 | **Saint Vincent Institute** | Last 4 digits of account number | **3440** | **$805.00** |

Nonpriority Creditor's Name

**3530 Peach Street**
**LL1**
**Erie, PA 16508**

Number Street City State ZIp Code

When was the debt incurred?  **11/6/2013**

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Medical Bill**

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

Debtor 1  **Steven Edward Gorniak**
Debtor 2  **Ann Marie Gorniak**

Case number (if know)  _____

| 4.1 3 | **Sam's Club** | Last 4 digits of account number | **4600** | **$443.00** |

Nonpriority Creditor's Name
**P.O. Box 530942**
**Atlanta, GA 30353-0942**
Number Street City State Zip Code

**When was the debt incurred?**  **4/29/2002**

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  *Credit Card Purchases*

---

## Part 3:  List Others to Be Notified About a Debt That You Already Listed

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**Lonza Resp. Services**
**c/of Rotech Healthcare, Inc.**
**P.O. Box 4769**
**Plant City, FL 33563-4769**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.11** of (Check one):
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**MBNA America Bank**
**655 Paper Mill Road**
**Wilmington, DE 19884**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.6** of (Check one):
☐ Part 1: Creditors with Priority Unsecured Claims
☐ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**Philip C. Warholic, Esquire**
**Jaffe & Asher LLP**
**11 East Market Street**
**Suite 102**
**York, PA 17401**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.6** of (Check one):
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

---

## Part 4:  Add the Amounts for Each Type of Unsecured Claim

6. **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.**

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. $ | 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. $ | 1,300.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. $ | 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. $ | 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. $ | 1,300.00 |

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. $ | 2,889.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. $ | 0.00 |

Debtor 1    *Steven Edward Gorniak*

Debtor 2    *Ann Marie Gorniak*

Case number (if know) _____

| | | | | | |
|---|---|---|---|---|---|
| 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | | 6h. | $ | *0.00* |
| 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | | 6i. | $ | *41,354.00* |
| 6j. | **Total Nonpriority.** Add lines 6f through 6i. | | 6j. | $ | *44,243.00* |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Steven Edward Gorniak* |
| | First Name        Middle Name        Last Name |
| Debtor 2 | *Ann Marie Gorniak* |
| (Spouse if, filing) | First Name        Middle Name        Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number | _____ |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases          12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).**

1. **Do you have any executory contracts or unexpired leases?**
   - ■ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
   - ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1 | |
| Name | |
| Number      Street | |
| City        State        ZIP Code | |
| 2.2 | |
| Name | |
| Number      Street | |
| City        State        ZIP Code | |
| 2.3 | |
| Name | |
| Number      Street | |
| City        State        ZIP Code | |
| 2.4 | |
| Name | |
| Number      Street | |
| City        State        ZIP Code | |
| 2.5 | |
| Name | |
| Number      Street | |
| City        State        ZIP Code | |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Steven Edward Gorniak* |
| | First Name    Middle Name    Last Name |
| Debtor 2 | *Ann Marie Gorniak* |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | _____ |

☐ Check if this is an
   amended filing

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

☐ No
☑ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories include* Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☑ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors.** Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.

| Column 1: **Your codebtor** Name, Number, Street, City, State and ZIP Code | Column 2: **The creditor to whom you owe the debt** Check all schedules that apply: |
|---|---|
| 3.1 *Leah O'Brien* *Route 99* *McKean, PA 16426* | ☐ Schedule D, line _____ ☑ Schedule E/F, line *4.2* ☐ Schedule G _____ *AES* |

Fill in this information to identify your case:

| Debtor 1 | *Steven Edward Gorniak* |
|---|---|
| Debtor 2 (Spouse, if filing) | *Ann Marie Gorniak* |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I
## Schedule I: Your Income
**12/15**

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment status** | ☐ Employed<br>■ Not employed | ■ Employed<br>☐ Not employed |
| **Occupation** | | *Nurse* |
| **Employer's name** | | *Saint Vincent Health Center* |
| **Employer's address** | | *232 West 25th Street*<br>*Erie, PA 16544* |
| **How long employed there?** | | *16 Years* |

### Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $ *0.00* | $ *6,558.42* |
| 3. | **Estimate and list monthly overtime pay.** | 3. +$ *0.00* | +$ *0.00* |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. $ *0.00* | $ *6,558.42* |

Debtor 1  **Steven Edward Gorniak**

Debtor 2  **Ann Marie Gorniak**                                                    Case number (if known) _____

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | **Copy line 4 here** ............................................. | 4. $ ___0.00 | $ ___6,558.42 |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ ___0.00 | $ ___1,189.40 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ ___0.00 | $ ___0.00 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ ___0.00 | $ ___324.06 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ ___0.00 | $ ___150.93 |
| 5e. | **Insurance** | 5e. | $ ___0.00 | $ ___651.96 |
| 5f. | **Domestic support obligations** | 5f. | $ ___0.00 | $ ___0.00 |
| 5g. | **Union dues** | 5g. | $ ___0.00 | $ ___0.00 |
| 5h. | **Other deductions.** Specify: *Parking* | 5h.+ | $ ___0.00 + | $ ___32.50 |
| | *Disability Insurance* | | $ ___0.00 | $ ___43.64 |
| | *Health Savings Account* | | $ ___0.00 | $ ___211.54 |
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ ___0.00 | $ ___2,604.03 |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ ___0.00 | $ ___3,954.39 |

8. **List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ ___0.00 | $ ___0.00 |
| 8b. | **Interest and dividends** | 8b. | $ ___0.00 | $ ___0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ ___0.00 | $ ___0.00 |
| 8d. | **Unemployment compensation** | 8d. | $ ___0.00 | $ ___0.00 |
| 8e. | **Social Security** | 8e. | $ ___1,167.00 | $ ___0.00 |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ ___0.00 | $ ___0.00 |
| 8g. | **Pension or retirement income** | 8g. | $ ___0.00 | $ ___0.00 |
| 8h. | **Other monthly income.** Specify: _____ | 8h.+ | $ ___0.00 + | $ ___0.00 |

| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ ___1,167.00 | $ ___0.00 |

10. **Calculate monthly income.** Add line 7 + line 9.      10. $ ___1,167.00 + $ ___3,954.39 = $ ___5,121.39

Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in *Schedule J.***
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____      11. +$ ___0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies      12. $ ___5,121.39

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☒ No.

☐ Yes. Explain: _____

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | *Steven Edward Gorniak* |
| Debtor 2 (Spouse, if filing) | *Ann Marie Gorniak* |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses                                                    12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.**

### Part 1:   Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.

   ■ Yes. **Does Debtor 2 live in a separate household?**

      ■ No

      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**    ■ No

   Do not list Debtor 1 and Debtor 2.    ☐ Yes.  Fill out this information for each dependent..............

   Do not state the dependents names.

| | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |
| | _____ | _____ | ☐ No ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No   ☐ Yes

### Part 2:   Estimate Your Ongoing Monthly Expenses

**Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.**

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  |  | **Your expenses** |
|---|---|---|

| | | | |
|---|---|---|---|
| 4. | **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. $ | *2,150.00* |
| | **If not included in line 4:** | | |
| 4a. | Real estate taxes | 4a. $ | *0.00* |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | *0.00* |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | *75.00* |
| 4d. | Homeowner's association or condominium dues | 4d. $ | *0.00* |
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. $ | *50.54* |

Debtor 1  **Steven Edward Gorniak**

Debtor 2  *Ann Marie Gorniak*                                                                Case number (if known) _____

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | *255.00* |
| | 6b. | Water, sewer, garbage collection | 6b. $ | *15.00* |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | *265.00* |
| | 6d. | Other. Specify: | 6d. $ | *0.00* |
| 7. | **Food and housekeeping supplies** | | 7. $ | *500.00* |
| 8. | **Childcare and children's education costs** | | 8. $ | *0.00* |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | *25.00* |
| 10. | **Personal care products and services** | | 10. $ | *30.00* |
| 11. | **Medical and dental expenses** | | 11. $ | *208.00* |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | *160.00* |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | *42.00* |
| 14. | **Charitable contributions and religious donations** | | 14. $ | *80.00* |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | *92.00* |
| | 15b. | Health insurance | 15b. $ | *0.00* |
| | 15c. | Vehicle insurance | 15c. $ | *92.03* |
| | 15d. | Other insurance. Specify: | 15d. $ | *0.00* |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | *0.00* |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | *700.00* |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | *0.00* |
| | 17c. | Other. Specify: | 17c. $ | *0.00* |
| | 17d. | Other. Specify: | 17d. $ | *0.00* |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 106I).** | | 18. $ | *0.00* |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | *0.00* |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | *0.00* |
| | 20b. | Real estate taxes | 20b. $ | *0.00* |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | *0.00* |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | *0.00* |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | *0.00* |
| 21. | **Other:** Specify: | | 21. +$ | *0.00* |

22. **Calculate your monthly expenses**

22a. Add lines 4 through 21.                                                                                        $          *4,739.57*

22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2      $

22c. Add line 22a and 22b.  The result is your monthly expenses.                                  $          *4,739.57*

23. **Calculate your monthly net income.**

23a.  Copy line 12 *(your combined monthly income)* from Schedule I.              23a.  $          *5,121.39*

23b.  Copy your monthly expenses from line 22c above.                                      23b.  -$          *4,739.57*

23c.  Subtract your monthly expenses from your monthly income.
The result is your *monthly net income.*                                                      23c.  $          *381.82*

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.

☐ Yes.      Explain here: _____

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Steven Edward Gorniak* |
| | First Name          Middle Name          Last Name |
| Debtor 2 | *Ann Marie Gorniak* |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes.  Name of person _____ Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

| | | |
|---|---|---|
| X */s/ Steven Edward Gorniak* | | X */s/ Ann Marie Gorniak* |
| *Steven Edward Gorniak* | | *Ann Marie Gorniak* |
| Signature of Debtor 1 | | Signature of Debtor 2 |
| | | |
| Date  *July 18, 2016* | | Date  *July 18, 2016* |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Steven Edward Gorniak* |
| | First Name    Middle Name    Last Name |
| Debtor 2 | *Ann Marie Gorniak* |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF PENNSYLVANIA |
| Case number<br>(if known) | _____ |

☐ Check if this is an
amended filing

# Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy                    4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Give Details About Your Marital Status and Where You Lived Before

1. **What is your current marital status?**

   ■ Married
   ☐ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ■ No
   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1<br>lived there | Debtor 2 Prior Address: | Dates Debtor 2<br>lived there |
|---|---|---|---|
| | | | |

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

   ■ No
   ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) | Sources of income<br>Check all that apply. | Gross income<br>(before deductions and exclusions) |
| From January 1 of current year until the date you filed for bankruptcy: | ☐ Wages, commissions, bonuses, tips | *$0.00* | ■ Wages, commissions, bonuses, tips | *$30,831.91* |
| | ☐ Operating a business | | ☐ Operating a business | |

Debtor 1   **Steven Edward Gorniak**
Debtor 2   **Ann Marie Gorniak**

Case number (*if known*) _____

|  | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
|  | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **For last calendar year:**<br>(January 1 to December 31, 2015 ) | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | *$0.00* | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | *$71,837.77* |
| **For the calendar year before that:**<br>(January 1 to December 31, 2014 ) | ☐ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | *$0.00* | ■ Wages, commissions, bonuses, tips<br><br>☐ Operating a business | *$74,430.77* |

**5.   Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No
■ Yes. Fill in the details.

|  | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
|  | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | *Social Security Disability* | *$5,835.00* |  |  |
| **For last calendar year:**<br>(January 1 to December 31, 2015 ) | *Social Security Disability* | *$14,004.00* |  |  |
| **For the calendar year before that:**<br>(January 1 to December 31, 2014 ) | *Social Security Disability* | *$13,764.00* |  |  |

**Part 3:**   **List Certain Payments You Made Before You Filed for Bankruptcy**

**6.   Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ **No.**   **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?

☐ No.   Go to line 7.

☐ Yes   List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
* Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

■ **Yes.   Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

☐ No.   Go to line 7.

■ Yes   List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

| Debtor 1 | *Steven Edward Gorniak* |
|---|---|
| Debtor 2 | *Ann Marie Gorniak* |

Case number *(if known)* _____

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| *CitiMortgage, Inc.*<br>*P.O. Box 6243*<br>*Sioux Falls, SD 57117-6243* | *(Second Mortgage)*<br>*6/1/2016 ($50.54)* | *$50.54* | *$7,303.00* | ■ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| *Wyndham*<br>*P.O. Box 98940*<br>*Las Vegas, NV 89193-8940* | *5/31/2016 $92.19*<br>*6/6/2016 $242.17*<br>*6/24/2016  $102.20* | *$436.56* | *$12,885.00* | ☐ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>■ Other_*Time Share*_ |
| *Ally Financial*<br>*P.O. Box 380902*<br>*Bloomington, MN 55438-0902* | *5/19/2016: $700.00*<br>*6/3/2016: $700.00*<br>*7/3/2016:  $700.00* | *$2,100.00* | *$17,770.52* | ☐ Mortgage<br>■ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**

   *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

   ■ No

   ☐ Yes. List all payments to an insider.

   | Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
   |---|---|---|---|---|

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**

   Include payments on debts guaranteed or cosigned by an insider.

   ■ No

   ☐ Yes. List all payments to an insider

   | Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
   |---|---|---|---|---|

| **Part 4:** | **Identify Legal Actions, Repossessions, and Foreclosures** |
|---|---|

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**

   List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

   ☐ No

   ■ Yes. Fill in the details.

   | Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
   |---|---|---|---|
   | *FIA Card Services and MBNA America Bank vs. Ann M. Gorniak*<br>*No. 12103-2007* | *Collection* | *Court of Common Pleas of Erie County*<br>*Erie County Courthouse*<br>*140 West Sixth Street*<br>*Erie, PA 16501* | ☐ Pending<br>☐ On appeal<br>☐ Concluded<br><br>*Judgment was entered.* |

| Debtor 1 | *Steven Edward Gorniak* | | |
|---|---|---|---|
| Debtor 2 | *Ann Marie Gorniak* | | Case number *(if known)* |

**10.** **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

■ No. Go to line 11.
☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|
| | | | |

**11.** **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | |

**12.** **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

■ No
☐ Yes

### Part 5:    List Certain Gifts and Contributions

**13.** **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| | | | |

**14.** **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| | | | |

### Part 6:    List Certain Losses

**15.** **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property*. | Date of your loss | Value of property lost |
|---|---|---|---|
| | | | |

| Debtor 1 | **Steven Edward Gorniak** | |
|---|---|---|
| Debtor 2 | **Ann Marie Gorniak** | |
| | | Case number (if known) _____ |

---

**Part 7:**    **List Certain Payments or Transfers**

16. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☒ Yes. Fill in the details.

| Person Who Was Paid Address Email or website address Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was | Amount of payment |
|---|---|---|---|
| *Quinn, Buseck, Leemhuis, Toohey, & Kroto* *2222 West Grandview Boulevard* *Erie, PA 16506* | *As of the date of the filing of the Petition, Counsel for the Debtor has received a total of $1,535.00, which represents $1,035.00 in attorney's fees and a $500.00 expense charge.* | 5/25/2016; $800.00; $6/6/2016 $735.00 | $1,535.00 |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

☒ No
☐ Yes. Fill in the details.

| Person Who Was Paid Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☒ No
☐ Yes. Fill in the details.

| Person Who Received Transfer Address Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

☒ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:**    **List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☒ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Debtor 1    **Steven Edward Gorniak**
Debtor 2    **Ann Marie Gorniak**

Case number *(if known)* _____

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Financial Institution<br>**Address** (Number, Street, City, State and ZIP Code) | Who else had access to it?<br>**Address** (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of Storage Facility<br>**Address** (Number, Street, City, State and ZIP Code) | Who else has or had access to it?<br>**Address** (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | |

**Part 9:** Identify Property You Hold or Control for Someone Else

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ **No**
☐ **Yes. Fill in the details.**

| Owner's Name<br>**Address** (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|
| | | | |

**Part 10:** Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

25. **Have you notified any governmental unit of any release of hazardous material?**

■ **No**
☐ **Yes. Fill in the details.**

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| | | | |

Debtor 1    *Steven Edward Gorniak*
Debtor 2    *Ann Marie Gorniak*                                    Case number *(if known)* _____

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☐ **No**
☐ **Yes. Fill in the details.**

| Case Title<br>Case Number | Court or agency<br>**Name**<br>**Address** (Number, Street, City,<br>State and ZIP Code) | Nature of the case | Status of the<br>case |
|---|---|---|---|
| | | | |

| **Part 11:** | **Give Details About Your Business or Connections to Any Business** |
|---|---|

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☐ **No. None of the above applies.  Go to Part 12.**

☐ **Yes. Check all that apply above and fill in the details below for each business.**

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| | | |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

☐ **No**
☐ **Yes. Fill in the details below.**

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

| **Part 12:** | **Sign Below** |
|---|---|

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
**18 U.S.C. §§ 152, 1341, 1519, and 3571.**

*/s/ Steven Edward Gorniak*                                   */s/ Ann Marie Gorniak*

**Steven Edward Gorniak**                                     **Ann Marie Gorniak**
**Signature of Debtor 1**                                     **Signature of Debtor 2**

Date    *July 18, 2016*                                       Date    *July 18, 2016*

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**

☐ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

☐ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | *Steven Edward Gorniak* |
| Debtor 2 (Spouse, if filing) | *Ann Marie Gorniak* |
| United States Bankruptcy Court for the: | Western District of Pennsylvania |
| Case number (if known) | |

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

- ☐ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).
- ☑ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).
- ☐ 3. The commitment period is 3 years.
- ☑ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

**Part 1:    Calculate Your Average Monthly Income**

1. **What is your marital and filing status?** Check one only.
   - ☐ **Not married.** Fill out Column A, lines 2-11.
   - ☑ **Married.** Fill out both Columns A and B, lines 2-11.

**Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ *0.00* | $ *6,558.42* |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ *0.00* | $ *0.00* |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ *0.00* | $ *0.00* |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ *0.00* | | |
| Ordinary and necessary operating expenses | -$ *0.00* | | |
| Net monthly income from a business, profession, or farm | $ *0.00* | Copy here -> $ *0.00* | $ *0.00* |

6. **Net income from rental and other real property**

| | Debtor 1 | | |
|---|---|---|---|
| Gross receipts (before all deductions) | $ *0.00* | | |
| Ordinary and necessary operating expenses | -$ *0.00* | | |
| Net monthly income from rental or other real property | $ *0.00* | Copy here -> $ *0.00* | $ *0.00* |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| | | Debtor 1 Steven Edward Gorniak | |
|---|---|---|---|
| | | Debtor 2 Ann Marie Gorniak | Case number (if known) |

| | | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
|---|---|---|---|
| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ 0.00 |
| 8. | **Unemployment compensation** | $ 0.00 | $ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

| For you | $ 0.00 |
|---|---|
| For your spouse | $ 0.00 |

| | | | |
|---|---|---|---|
| 9. | **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. | $ 0.00 | $ 0.00 |

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

| | | |
|---|---|---|
| | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| Total amounts from separate pages, if any. | + $ 0.00 | $ 0.00 |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ 0.00 + $ 6,558.42 = $ 6,558.42

**Total average monthly income**

| Part 2: | Determine How to Measure Your Deductions from Income |
|---|---|

12. **Copy your total average monthly income from line 11.** ............................................... $ 6,558.42

13. **Calculate the marital adjustment.** Check one:

- ☐ You are not married. Fill in 0 below.
- ☑ You are married and your spouse is filing with you. Fill in 0 below.
- ☐ You are married and your spouse is not filing with you.

  Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

  Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

  If this adjustment does not apply, enter 0 below.

| | $ |
|---|---|
| | $ |
| | + $ |
| Total | $ 0.00 |

Copy here=>    - 0.00

14. **Your current monthly income.** Subtract line 13 from line 12.    $ 6,558.42

15. **Calculate your current monthly income for the year.** Follow these steps:

15a.   Copy line 14 here=> .................................................................................    $ 6,558.42

Multiply line 15a by 12 (the number of months in a year).    x 12

15b.   The result is your current monthly income for the year for this part of the form. ...........................    $ 78,701.04

Official Form 122C-1        **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**        page 2

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Debtor 1 | *Steven Edward Gorniak* | Case number (*if known*) | |
|---|---|---|---|
| Debtor 2 | *Ann Marie Gorniak* | | |

16. **Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.    *PA*

16b. Fill in the number of people in your household.    *2*

16c. Fill in the median family income for your state and size of household.    $    *58,256.00*

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

17a. ☐ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

17b. ■ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4) |
|---|---|

18. **Copy your total average monthly income from line 11 .**    $    *6,558.42*

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a.    –$    *0.00*

19b. **Subtract line 19a from line 18.**    $    *6,558.42*

20. **Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b    $    *6,558.42*

Multiply by 12 (the number of months in a year).    x 12

20b. The result is your current monthly income for the year for this part of the form.    $    *78,701.04*

20c. Copy the median family income for your state and size of household from line 16c    $    *58,256.00*

21. **How do the lines compare?**

☐ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

■ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

| Part 4: | Sign Below |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X */s/ Steven Edward Gorniak*          X */s/ Ann Marie Gorniak*
   Steven Edward Gorniak                   Ann Marie Gorniak
   Signature of Debtor 1                   Signature of Debtor 2

Date *July 18, 2016*                    Date *July 18, 2016*
   MM / DD / YYYY                           MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

Official Form 122C-1    **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**    page 3

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Fill in this information to identify your case: |
| --- |
| Debtor 1 **Steven Edward Gorniak** |
| Debtor 2 **Ann Marie Gorniak** <br> (Spouse, if filing) |
| United States Bankruptcy Court for the: Western District of Pennsylvania |
| Case number <br> (if known) |

☐ Check if this is an amended filing

Official Form 122C-2

# Chapter 13 Calculation of Your Disposable Income

04/16

To fill out this form, you will need your completed copy of *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period* (Official Form 122C-1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form, Include the line number to which additional information applies. On the top any additional pages, write your name and case number (if known).

## Part 1:    Calculate Your Deductions from Your Income

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the the questions in lines 6-15. **To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.**

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not include any operating expenses that you subtracted from income in lines 5 and 6 of Form 122C–1, and do not deduct any amounts that you subtracted from your spouse's income in line 13 of Form 122C–1.

If your expenses differ from month to month, enter the average expense.

Note: Line numbers 1-4 are not used in this form. These numbers apply to information required by a similar form used in chapter 7 cases.

5.    **The number of people used in determining your deductions from income**

Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

**2**

**National Standards**    You must use the IRS National Standards to answer the questions in lines 6-7.

6.    **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.    $    **1,083.00**

7.    **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories--people who are under 65 and people who are 65 or older--because older people have a higher IRS allowance for health car costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

| Debtor 1 | *Steven Edward Gorniak* | | |
|---|---|---|---|
| Debtor 2 | *Ann Marie Gorniak* | | Case number (*if known*) |

| **People who are under 65 years of age** | | | | | | |
|---|---|---|---|---|---|---|
| 7a. | Out-of-pocket health care allowance per person | $ | *54* | | | |
| 7b. | Number of people who are under 65 | X | *2* | | | |
| 7c. | **Subtotal.** Multiply line 7a by line 7b. | $ | *108.00* | Copy here=> | $ | *108.00* |

| **People who are 65 years of age or older** | | | | | | |
|---|---|---|---|---|---|---|
| 7d. | Out-of-pocket health care allowance per person | $ | *130* | | | |
| 7e. | Number of people who are 65 or older | X | *0* | | | |
| 7f. | Subtotal. Multiply line 7d by line 7e. | $ | *0.00* | Copy here=> | $ | *0.00* |
| 7g. | **Total.** Add line 7c and line 7f | $ | *108.00* | Copy total here=> | $ | *108.00* |

**Local Standards**    You must use the IRS Local Standards to answer the questions in lines 8-15.

Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:

■ Housing and utilities - Insurance and operating expenses

■ Housing and utilities - Mortgage or rent expenses

To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

8. **Housing and utilities - Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.    $    *515.00*

9. **Housing and utilities - Mortgage or rent expenses:**

   9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.    $    *833.00*

   9b. Total average monthly payment for all mortgages and other debts secured by your home.

   To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Next divide by 60.

| Name of the creditor | Average monthly payment | |
|---|---|---|
| *CitiMortgage, Inc.* | $ | *2,150.00* |
| *CitiMortgage, Inc.* | $ | *76.23* |

   9b. Total average monthly payment    $    *2,226.23*    Copy here=>    -$    *2,226.23*    Repeat this amount on line 33a.

   9c. Net mortgage or rent expense.

   Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this number is less than $0, enter $0.    $    *0.00*    Copy here=>    $    *0.00*

10. **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**    $    *0.00*

   Explain why: _____

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor 1 | **Steven Edward Gorniak** | | |
|---|---|---|---|
| Debtor 2 | **Ann Marie Gorniak** | Case number (*if known*) | |

---

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

☐ 0. Go to line 14.

■ 1. Go to line 12.

☐ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.          $ _____ **251.00**

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

| Vehicle 1 | Describe Vehicle 1: | **2012 Jeep Wrangler 70,000 miles** |
|---|---|---|

13a. Ownership or leasing costs using IRS Local Standard.................................................          $ _____ **471.00**

13b. Average monthly payment for all debts secured by Vehicle 1.

Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment | |
|---|---|---|
| **Ally Financial** | $ | **296.18** |
| Total Average Monthly Payment | $ | **296.18** |

Copy here => -$ **296.18**          Repeat this amount on line 33b.

13c. Net Vehicle 1 ownership or lease expense

Subtract line 13b from line 13a. if this number is less than $0, enter $0. ..................          $ **174.82**

Copy net Vehicle 1 expense here =>          $ **174.82**

| Vehicle 2 | Describe Vehicle 2: | |
|---|---|---|

13d. Ownership or leasing costs using IRS Local Standard.................................................          $ _____ **0.00**

13e. Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment | |
|---|---|---|
| | $ | |
| Total average monthly payment | $ | |

Copy here => -$ **0.00**          Repeat this amount on line 33c.

13f. Net Vehicle 2 ownership or lease expense

Subtract line 13e from line 13d. if this number is less than $0, enter $0. .....................          $ **0.00**

Copy net Vehicle 2 expense here =>          $ **0.00**

14. **Public transportation expense: If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the** *Public Transportation* **expense allowance regardless of whether you use public transportation.**          $ _____ **0.00**

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*.          $ _____ **0.00**

---

| Debtor 1 | **Steven Edward Gorniak** | |
|---|---|---|
| Debtor 2 | **Ann Marie Gorniak** | Case number (*if known*) |

| **Other Necessary Expenses** | In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories. |
|---|---|

16. **Taxes:** The total monthly amount that you will actually pay for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.

Do not include real estate, sales, or use taxes. $ **1,189.40**

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings. $ **0.00**

18. **Life Insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance.

Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term. $ **78.98**

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.

Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35. $ **0.00**

20. **Education:** The total monthly amount that you pay for education that is either required:

   ■ as a condition for your job, or

   ■ for your physically or mentally challenged dependent child if no public education is available for similar services. $ **0.00**

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.

Do not include payments for any elementary or secondary school education. $ **0.00**

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.

Payments for health insurance or health savings accounts should be listed only in line 25. $ **0.00**

23. **Optional telephone and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.

Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122C-1, or any amount you previously deducted. +$ **0.00**

24. **Add all of the expenses allowed under the IRS expense allowances.**
Add lines 6 through 23. $ **3,400.20**

| **Additional Expense Deductions** | These are additional deductions allowed by the Means Test. *Note:* Do not include any expense allowances listed in lines 6-24. |
|---|---|

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

| Health insurance | $ | **309.05** |
| Disability insurance | $ | **43.64** |
| Health savings account | + $ | **211.54** |
| Total | $ | **564.23** | Copy total here=> | $ | **564.23** |

Do you actually spend this total amount?
□ No. How much do you actually spend?
■ Yes $ _____

26. **Continued contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b) $ **0.00**

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.

By law, the court must keep the nature of these expenses confidential. $ **0.00**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor 1 | **Steven Edward Gorniak** | |
|---|---|---|
| Debtor 2 | **Ann Marie Gorniak** | Case number (if known) |

28. **Additional home energy costs.** Your home energy costs are included in your insurance and operating expenses on line 8.

If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs

You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.                                                                                   $ _____0.00

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $160.42* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

\* Subject to adjustment on 4/01/19, and every 3 years after that for cases begun on or after the date of adjustment.       $ _____0.00

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.

To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

You must show that the additional amount claimed is reasonable and necessary.                                            $ _____0.00

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 11 U.S.C. § 548(d)(3) and (4).

Do not include any amount more than 15% of your gross monthly income.                                                    $ _____0.00

32. **Add all of the additional expense deductions.**                                                                    $ _____564.23
    Add lines 25 through 31.

## Deductions for Debt Payment

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

|  | | | **Average monthly payment** |
|---|---|---|---|
| | **Mortgages on your home** | | |
| 33a. | Copy line 9b here | => | $ _____2,226.23 |
| | **Loans on your first two vehicles** | | |
| 33b. | Copy line 13b here | => | $ _____296.18 |
| 33c. | Copy line 13e here | => | $ _____0.00 |

33d.    List other secured debts:

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| | | ☐ No | |
| *-NONE-* | | ☐ Yes | $ _____ |
| | | ☐ No | |
| | | ☐ Yes | $ _____ |
| | | ☐ No | |
| | | ☐ Yes    + | $ _____ |

| 33e | Total average monthly payment. Add lines 33a through 33d | $ _____2,522.41 | Copy total here=> | $ _____2,522.41 |
|---|---|---|---|---|

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

| Debtor 1 | *Steven Edward Gorniak* |
|---|---|
| Debtor 2 | *Ann Marie Gorniak* |

Case number (*if known*) _____

**34. Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

☐ No.  Go to line 35.

☑ Yes.  State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | | Monthly cure amount |
|---|---|---|---|---|---|
| *CitiMortgage, Inc.* | *11263 Phillipsville Colt Station Road Wattsburg, PA 16442; ARREARS ARE LISTED AT $19,351.00 ON CREDIT REPORT* | $ *19,351.00* | ÷ 60 = $ | | *322.52* |
| | | $ | ÷ 60 = $ | | |
| | | $ | ÷ 60 = +$ | | |

Total $ **322.52**     Copy total here=> $ **322.52**

**35. Do you owe any priority claims - such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

☐ No.  Go to line 36.

☑ Yes.  Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

Total amount of all past-due priority claims ........................  $ *1,300.00*  ÷ 60  $ *21.67*

**36. Projected monthly Chapter 13 plan payment**    $ *3,081.35*

Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts).    X  *3.70*

To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

Average monthly administrative expense    $ *114.01*   Copy total here=> $ *114.01*

**37. Add all of the deductions for debt payment.**
Add lines 33e through 36.    $ **2,980.61**

**Total Deductions from Income**

**38. Add all of the allowed deductions.**

| | | |
|---|---|---|
| Copy line 24, *All of the expenses allowed under IRS expense allowances* | $ *3,400.20* | |
| Copy line 32, *All of the additional expense deductions* | $ *564.23* | |
| Copy line 37, *All of the deductions for debt payment* | +$ *2,980.61* | |

Total deductions..................................................  $ **6,945.04**   Copy total here=> $ **6,945.04**

| Debtor 1 | *Steven Edward Gorniak* | | |
|---|---|---|---|
| Debtor 2 | *Ann Marie Gorniak* | | Case number (*if known*) |

| **Part 2:** | **Determine Your Disposable Income Under 11 U.S.C. § 1325(b)(2)** |
|---|---|

39. **Copy your total current monthly income from line 14 of Form 122C-1,** *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.*    $    *6,558.42*

40. **Fill in any reasonably necessary income you receive for support for dependent children.** The monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I of Form 122C-1, that you received in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child.    $    *0.00*

41. **Fill in all qualified retirement deductions.** The monthly total of all amounts that your employer withheld from wages as contributions for qualified retirement plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans from retirement plans, as specified in 11 U.S.C. § 362(b)(19).    $    *474.99*

42. **Total of all deductions allowed under 11 U.S.C. § 707(b)(2)(A).** Copy line 38 here   =>   $    *6,945.04*

43. **Deduction for special circumstances.** If special circumstances justify additional expenses and you have no reasonable alternative, describe the special circumstances and their expenses. You must give your case trustee a detailed explanation of the special circumstances and documentation for the expenses.

| **Describe the special circumstances** | **Amount of expense** |
|---|---|
| | $ |
| | $ |
| | $ |
| **Total**   $   *0.00* | Copy here=>   $    *0.00* |

44. **Total adjustments.** Add lines 40 through 43.    =>   $    *7,420.03*    Copy here=> -$    *7,420.03*

45. **Calculate your monthly disposable income under § 1325(b)(2).** Subtract line 44 from line 39.    $    *-861.61*

| **Part 3:** | **Change in Income or Expenses** |
|---|---|

46. **Change in income or expenses.** If the income in Form 122C-1 or the expenses you reported in this form have changed or are virtually certain to change after the date you filed your bankruptcy petition and during the time your case will be open, fill in the information below. For example, if the wages reported increased after you filed your petition, check 122C-1 in the first column, enter line 2 in the second column, explain why the wages increased, fill in when the increase occurred, and fill in the amount of the increase.

| Form | Line | Reason for change | Date of change | Increase or decrease? | Amount of change |
|---|---|---|---|---|---|
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Debtor 1   *Steven Edward Gorniak*
Debtor 2   *Ann Marie Gorniak*

Case number (*if known*) _____

| Part 4: | Sign Below |
|---------|------------|

By signing here, under penalty of perjury you declare that the information on this statement and in any attachments is true and correct.

X  */s/ Steven Edward Gorniak*                              X  */s/ Ann Marie Gorniak*
   *Steven Edward Gorniak*                                     *Ann Marie Gorniak*
   Signature of Debtor 1                                       Signature of Debtor 2

Date  *July 18, 2016*                              Date  *July 18, 2016*
      MM / DD  / YYYY                                     MM / DD  / YYYY

# Notice Required by 11 U.S.C. § 342(b) for
# Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

**You are an individual filing for bankruptcy,** and

**Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|   |   |   |
|---|---:|---|
|   | $1,167 | filing fee |
| + | $550 | administrative fee |
|   | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

## Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|------|------------|
| + | $75  | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

## Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

## Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

## Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### Western District of Pennsylvania

In re  **Steven Edward Gorniak**
**Ann Marie Gorniak**
_____

Case No. _____

Debtor(s)                    Chapter        **13**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that
compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to
be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

■    **FLAT FEE**

For legal services, I have agreed to accept .......................................................   $ _____**1,035.00**

Prior to the filing of this statement I have received ...........................................   $ _____**1,035.00**

Balance Due ......................................................................................................   $ _____**0.00**

☐    **RETAINER**

For legal services, I have agreed to accept and received a retainer of ...............   $ _____

The undersigned shall bill against the retainer at an hourly rate of ....................   $ _____
[Or attach firm hourly rate schedule.] Debtor(s) have agreed to pay all Court approved
fees and expenses exceeding the amount of the retainer.

2.    The source of the compensation paid to me was:

■ Debtor          ☐ Other (specify):

3.    The source of compensation to be paid to me is:

■ Debtor          ☐ Other (specify):

4.    ■  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm.  A
copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.  [Other provisions as needed]

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:
**As of the date of the filing of the Petition, Counsel for the Debtor has received a total of $1,535.00, which
represents $1,035.00 in attorney's fees and a $500.00 expense charge. This expense charge includes the filing
fee, a bringdown search fee, and photocopying and postage costs. The Debtor has agreed to a flat fee of
$4,000.00 for attorney's fees, (subject to any increases approved by the Court in the "no-look fee") for the
preparation and filing of the Bankruptcy Petition, Schedules, and related documents, Chapter 13 Plan, Motion for
Wage Attachment, as well as the attendance of counsel at the First Meeting of Creditors and Confirmation
Hearing.  Additional services, such as the filing of Motions to Avoid Liens, Objections to Claim, Motions and/or
Complaints for Sale of Personal and/or Real Property, Adversary Proceedings, including but not limited to
fraudulent conveyance actions, preference actions, turnover actions, and the defense of Objections to Discharge,
the filing of Amended Chapter 13 Plans, and/or the conversion of the case to a Chapter 7 proceeding will be done
on an hourly basis of $275.00 per hour additional charge to the Debtor.  Any and all additional fees and costs
shall be approved by the Court and paid through the Debtor's Chapter 13 Plan.**

In re  **_Steven Edward Gorniak_**
     **_Ann Marie Gorniak_**
                Debtor(s)

Case No. _____

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)
### (Continuation Sheet)

### CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**_July 18, 2016_**
_Date_

**_/s/ Michael S. JanJanin, Esquire_**
**_Michael S. JanJanin, Esquire 38880_**
_Signature of Attorney_
**_Quinn, Buseck, Leemhuis, Toohey, & Kroto, Inc._**
**_2222 West Grandview Boulevard_**
**_Erie, PA 16506_**
**_(814)833-2222  Fax: (814)833-6753_**
_Name of law firm_

# United States Bankruptcy Court
## Western District of Pennsylvania

In re    **Steven Edward Gorniak**
**Ann Marie Gorniak**
                                                    Case No.
                                    Debtor(s)        Chapter    **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:    **July 18, 2016**                    **/s/ Steven Edward Gorniak**
                                            **Steven Edward Gorniak**
                                            Signature of Debtor

Date:    **July 18, 2016**                    **/s/ Ann Marie Gorniak**
                                            **Ann Marie Gorniak**
                                            Signature of Debtor

Advanced Pain Management
7000 Stonewood Drive
Wexford, PA 15090

AES
P.O. Box 61047
Harrisburg, PA 17106

Ally Financial
P.O. Box 380902
Bloomington, MN 55438-0902

Best Buy
CitiCards
P.O. Box 6403
Sioux Falls, SD 57117-6403

Chase Card
P.O. Box 15298
Wilmington, DE 19850

CitiMortgage, Inc.
P.O. Box 6243
Sioux Falls, SD 57117-6243

CitiMortgage, Inc.
1000 Technology Drive
O'Fallon, MO 63368

FFCC-Cleveland
24700 Chagrin Blvd.
Suite 205
Cleveland, OH 44122-5662

FIA Card Services
655 Paper Mill Road
Wilmington, DE 19984

Francis M. Wiertel

I.C. Systems, Inc.
P.O. Box 64378
St. Paul, MN 55164

Internal Revenue Service
ATTN: Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Leah O'Brien
Route 99
McKean, PA 16426

Lonza Resp. Services
c/of Rotech Healthcare, Inc.
P.O. Box 4769
Plant City, FL 33563-4769

Macy's
P.O. Box 9001094
Louisville, KY 40290-1094

MBNA America Bank
655 Paper Mill Road
Wilmington, DE 19884

Millcreek Community Hospital
5539 Peach Street
Suite 1
Erie, PA 16509

Mortgage Electronic Registration
Systems, Inc.
P.O. Box 2026
Flint, MI 48501-2026

Phelan Hallinan Diamond & Jones LLP
One Penn Center @ Suburban Station
Suite 1400
1617 John F. Kennedy Blvd.
Philadelphia, PA 19103-1814

Philip C. Warholic, Esquire
Jaffe & Asher LLP
11 East Market Street
Suite 102
York, PA 17401

Philly Sub-Searches
150 Woodlawn Avenue
Upper Darby, PA 19082

Rotech
P.O. Box 510987
Livonia, MI 48151-6987

Saint Vincent Institute
3530 Peach Street
LL1
Erie, PA 16508

Sam's Club
P.O. Box 530942
Atlanta, GA 30353-0942

Taylor, Bean, & Whittaker Corp.
1417 North Magnolia Avenue
Ocala, FL 33475

```
Wyndham
P.O. Box 98940
Las Vegas, NV 89193-8940
```